HALL *against* HOWD and others.

Where an officer having a special and limited jurisdiction, issues a warrant to take the person or property of another, he must shew, upon the face of his proceedings, that he has jurisdiction.

Therefore, where the captain of a military company issued a warrant against a private soldier belonging to that company, for " a fine legally imposed upon him for neglecting to perform military duty," without stating *by whom* such fine was imposed; it was held, that such warrant was void, and the captain who issued it, and the officer who executed it, were liable in trespass for an arrest under it.

THIS was an action of assault and battery and false imprisonment. The defendants pleaded the general issue, with notice of special matter to be given in evidence. The notice stated, that on the 1st of *May*, 1832, *Daniel Howd*, one of the defendants, was captain of the second company in the 10th regiment of militia in this State, and the plaintiff was a private soldier in that company, liable to perform military duty therein; that the plaintiff was duly warned to appear with said company, on the 7th of *May*, 1832, at its usual place of parade, for company inspection and exercise; that he neglected to appear and perform military duty; that on the 1st of *June*, 1832, the plaintiff, having failed to make his excuse for such delinquency, said *Howd*, as captain, imposed upon the plaintiff a fine of four dollars, and gave him notice thereof in writing; that on the 24th of *April*, 1833, the plaintiff having made no appeal therefrom, and having neglected to pay said fine, said *Howd*, for the collection of such fine, issued a warrant under his hand, in the words following:

" To either of the constables of *Wallingford*, in the county

of *New-Haven*, Greeting: These are, by authority of the state of *Connecticut*, to command you, that of the goods or chattels of *Carlos Hall* of said *Wallingford*, you levy, collect and pay over, according to law, the sum of four dollars, a fine legally imposed upon him, the said *Carlos Hall*, for neglecting to perform military duty, on the 7th day of *May*, 1832, with the 2nd company in the 10th regiment of *Connecticut* militia, the same being a day appointed for company inspection and exercise ; he, the said *Carlos Hall*, then being a private soldier, belonging to said company. And for want of such goods or chattels whereon to levy, you are to take the body of said *Carlos Hall*, and him commit to the keeper of of the gaol in *New-Haven*, in said county, within the prison ; who is likewise commanded to receive the said *Hall* and him safely keep until he pay the said sum, together with your own fees, and 17 cents more for this warrant, or be otherwise, by due order of law, discharged. Hereof fail not, but due return make within sixty days next coming. Dated at *Wallingford*, the 24th day of *April*, 1833.

*Daniel Howd*, Captain of the

2nd company in the 10th regiment of *Connecticut* militia."

The notice further stated a similar warning of the plaintiff, on the 1st of *September*, 1832, to appear on the 13th of that month with said company, for regimental inspection and exercise ; his neglect to appear ; the imposition of a fine of five dollars, by the captain, for such delinquency, of which due notice in writing was given ; and the issuing of a warrant for such fine, in the same terms as the former, *mutatis mutandis.* The notice then stated, that on the 24th of *April*, 1833, said fines remaining unpaid and said warrants unsatisfied, said *Howd* delivered said warrants to the defendant, *Sherman Austin*, a constable of the town of *Wallingford*, to be executed according to law ; that by virtue of these warrants, said *Austin*, as constable, and *Noyes B. Bartholomew*, one of the defendants, as his servant and by his command, on the 1st of *May*, 1833, the time mentioned in the plaintiff's declaration, for want of goods or estate of the plaintiff's to be found, gently laid their hands upon him and arrested his body, and, with so much force as was necessary, peaceably and in a reasonable manner, him committed to the keeper of the gaol in *New-Haven*, within the prison, said constable leaving with said keeper, true and

*New-Haven,*
July, 1835.

Hall
*v.*
Howd.

attested copies of said warrants ; and that the said keeper, by virtue of said warrants, received the plaintiff into said prison and him detained until he paid said fines ; these acts being the trespasses complained of in the plaintiff's declaration.

The cause was tried at *New-Haven, October* term, 1834, before *Daggett,* Ch. J.

On the trial, the trespass and imprisonment complained of, were proved and admitted ; and the defendants, on their part, offered evidence to prove the several facts stated in said notice, and thereupon claimed, that if these facts were proved, they would amount to a justification, and entitle all the defendants to a verdict in their favour, and prayed the court so to charge the jury. The plaintiff's counsel contended, and prayed the court to charge the jury, that such evidence constituted no justification ; for that both of said warrants were void on the face of them, in not setting forth, with sufficient certainty, the facts and circumstances by law necessary to give jurisdiction to the defendant, *Howd,* and to authorize him to issue said warrants and the other defendants to execute them ; that the warrants were materially defective, in not stating a proper enrolment of the plaintiff, and notice thereof ; in not stating, that the plaintiff was warned, as the statute requires, to do military duty, on the 7th of *May* and 17th of *September,* 1832, and in what places ; in omitting to mention, with sufficient certainty, when said fines were imposed, and by whom ; that the plaintiff was duly notified of the imposition of the fines; that the plaintiff took no appeal ; that said fines had not been abated ; and that the second warrant was further defective, in omitting to state, that said regimental training was ordered, by the commanding officer of the regiment, on said 13th of *September,* 1832.

The court charged the jury, that if they were satisfied from the evidence, that the plaintiff had been duly enrolled and notified ; and if they found all the facts stated in said notice to be proved, then the defendants were all justified, and entitled to a verdict in their favour.

Under this charge, the jury returned a verdict for the defendants ; and the plaintiff moved for a new trial.

*Sherman* and *Seeley,* in support of the motion, contended, That the warrants under which the plaintiff was committed, were insufficient, and furnished no justification to the defend-

New-Haven,
July, 1835.

Hall
*v.*
Howd

ants. The uniform doctrine in the books, ancient and modern, is, that in all cases of a limited authority, sufficient must appear from the face of the warrant to justify the commitment : nothing can be *intended.* Dr. *Bonham's* case, 8 *Co.* 240. *Rex* v. *Stepney, Burr. Set. Ca.* 23. *Rex* v. *Chilverscoton,* 8 *Term Rep.* 178. *Rex* v. *Moor Critchel,* 2 *East* 66. *Rex* v. *Hulcott,* 6 *Term Rep.* 583. 587. *Baldwin* v. *Blackman,* 1 *Burr.* 596. *Groome* v. *Forrester,* 5 *Mau. & Selw.* 314. *Wickes* v. *Clutterbuck,* 2 *Bing.* 483. (9 *Serg. & Lowb.* 490.) *Cropper* v. *Horton,* 8 *Dowl. & Ryl.* 166. (16 *Serg. & Lowb.* 342.) *Davis* v. *Capper,* 10 *Barn. & Cres.* 28. (21 *Serg. & Lowb.* 20.) *Crowley's* case, 2 *Swanst.* 87. *Grumon* v. *Raymond,* 1 *Conn. Rep.* 46. per *Reeve,* Ch. J. *Tracy* v. *Williams,* 4 *Conn. Rep.* 113. per *Hosmer,* Ch. J. *Mills* v. *Martin,* 19 *Johns. Rep.* 33.

The authority of a militia captain to issue a warrant, is, in the strictest sense, a limited and special authority, existing only under certain special circumstances. He holds no court; does not act under oath; cannot subpœna or swear witnesses; is not required to keep any record. His duties are purely ministerial. *M'Lane* v. *Stuart, Sw. Ev.* 360. The only account of the officer's proceedings, is in his warrant; and if the party imprisoned is brought up on *habeas corpus,* the court before which the writ is brought, and which cannot travel out of the record, must, on the face of the warrant, have the means of judging whether the imprisonment is authorized or not. *Crowley's* case, before cited. The principle of the case of *Starr* v. *Scott,* 8 *Conn. Rep.* 480. is applicable to this case and decisive of it.

Having suggested these general principles, the plaintiff's counsel proceeded to point out sundry particulars, in which these warrants were fatally defective. They insisted,

1. That the omission to state *by whom* the fine was imposed, was a fatal defect. The language of the warrants is, "a fine legally imposed upon him." It does not appear, that the fine was imposed by the captain who signed the warrant, or by any captain or other person legally authorized to impose fines.

2. That it does not appear from the warrants, that the plaintiff had been *enrolled* and *notified* of his enrolment, pursuant

*New-Haven,*
*July, 1835.*

Hall
*v.*
Howd.

to the act of Congress, (*Stat.* 328.) and the act of our legislature to carry the act of Congress into effect.    *Stat.* 332. *s.* 1.

3. That no *warning* of the plaintiff is shown.    *Stat.* 340. *s.* 18.

4. That it does not appear that the *days* on which the plaintiff failed to appear and perform duty, were days on which the company could be called out ; and as to the *places,* the warrants are *silent.*    *Stat.* 338. *s.* 15.

5. That no *notice* of the fine to the plaintiff, before the warrant was issued, appears.    *Stat.* 342. *s.* 25.

6. That it does not appear that the fine was not abated, on an appeal taken by the plaintiff.    *Ibid.*

Some other defects were suggested, but were not insisted on.

*Kimberly* and *Mix,* contra, observed, that the plaintiff's claim rests entirely on *technical* grounds.    It does not appear that he has suffered unjustly ; that in point of fact and law, he was not liable to imprisonment ; but merely that the warrant was not formal and minute.    It does not appear even that the plaintiff sustained any loss, by the informality.    They then contended,

1. That the warrant does not, on its face, appear to be illegal, because it enjoins nothing illegal.

2. That from the face of the warrant it is fair to presume it legal.    It shews five things : first, that the plaintiff was a private soldier of the 2nd company in the 10th regiment ; secondly, that he neglected duty on the 7th of *May,* a day appointed for company inspection and exercise ; thirdly, that a fine was *legally* imposed therefor ; fourthly, that the warrant was directed to a constable of the town of the plaintiff ; fifthly, that it was issued by the captain of that company.    The warrants are alike in these respects, except that one is a company and the other a regimental training.    As the warrant says, the fine was *legally* imposed, all the requisite incidents may be fairly presumed.

3. That the warrant must set out the cause of the commitment, and must be such as the officer has power to issue ; and these requisites appearing, it is legal.    *Com. Dig. tit.* Imprisonment.    2 *Inst.* 52. 591.    1 *Sw. Dig.* 495.    Now, this warrant states, distinctly, the ground on which it was issued ; and it appears to have been issued by the captain, who by law

was empowered to issue it. It need not detail the evidence or grounds of the charge. If for a seditious libel, it need not set forth the libel. *The King* v. *Wilkes*, 2 *Wils.* 151.

4. That the officer must have jurisdiction of the subject matter and the process. The captain, in this case, had jurisdiction of both.

5. That there is no law nor usage requiring the captain to use a form of warrant more detailed than the one used in this case. It is simple, intelligible, appropriate. It is as full as the forms prescribed by statute for similar instruments—*e. g.* executions, tax-warrants, &c. *Stat.* 243. 245, 6. In *Sperry* v. *Prince*, 6 *Conn. Rep.* 217. the warrant was in this form. It is the form in general use. If more detail is required, you know not where to stop. You must state the whole organization of the militia. All the regulations must be specified; and a compliance with each averred. This would be intolerable in practice.

WAITE, J. By the provisions of the statute of this state "for forming and conducting the military force," the commanding officer of a militia company is empowered to impose a fine upon any non-commissioned officer, musician or private, of his company, who neglects to perform military duty, when lawfully required; and after having given him due notice, if the fine is not paid and no appeal taken, may issue his warrant, under his hand, for the collection of such fine. It is apparent, from the statute, that no person but the officer imposing the fine, has any authority to issue the warrant.

In this case, the defendant *Howd*, as captain of a company, issued two warrants, directed to a constable, commanding him, of the goods and chattels of the plaintiff, to levy and collect two fines, imposed upon the plaintiff, for not performing military duty in the company; and for want of such goods and chattels, to take the body of the plaintiff, and commit him to gaol. By virtue of these warrants, the defendant *Austin*, as a constable, with the assistance of *Bartholomew*, the other defendant, arrested the plaintiff, and committed him to prison. For these acts of the defendants, the plaintiff brings his action; and the question now is, whether they can be justified in their proceedings: in other words, whether the warrants set forth in the motion are such as the defendant *Howd* had a right to

*New-Haven, July, 1835.*

Hall
*v.*
Howd.

issue, and the other defendants to execute. For if the warrants are void, *Austin* and *Bartholomew*, who acted under them, in committing the plaintiff to gaol, and *Howd*, who commanded them to do the act, are unquestionably trespassers.

The first enquiry, therefore, is, whether *Howd* had authority to issue such warrants. It is a well established principle, that when a magistrate or other officer, having a special and limited jurisdiction, issues a warrant to take the person or property of another, he must shew, upon the face of his proceedings, that he has jurisdiction. Nothing will be intended in his favour. It must appear, that he has jurisdiction over the subject matter, the person, and the process. *Grumon* v. *Raymond*, 1 *Conn. Rep.* 40. *Tracy* v. *Williams*, 4 *Conn. Rep.* 107.

In the case of *Wickes* v. *Clutterbuck*, 2 *Bing.* 483. (9 *Serg. & Lowb.* 49.) it was holden, that if the warrant of commitment, did not show an offence, over which the magistrates who issued it, had jurisdiction, an action of trespass lay against him, for the commitment, although there might have been a previous regular conviction. *Best*, Ch. J., remarked, that it was not perhaps necessary, that the offence should be stated with the same precision, in the warrant of commitment, as in the conviction; but enough should be stated to shew an authority to imprison, and without such a statement, the officer could not arrest.

In the case of *The King* v. The inhabitants of *Chilverscoton*, 8 *Term Rep.* 178. where two justices made an order for the removal of a pauper and his family, and having mentioned, in their order, two counties, *Warwick* and *Coventry*, afterwards described themselves as justices of the peace for the county aforesaid, without designating which of the counties, although it was admitted, that if they had been justices of the county of *Warwick*, and had so described themselves, their order would have been good; yet as it did not appear upon the face of the order, that the justices who made it had jurisdiction, it was holden void. A similar decision was afterwards made, in the case of *The King* v. The inhabitants of *Moor Critchel*, 2 *East* 66.

An action was brought to recover a fine imposed by a court martial in *Massachusetts*. The judge, in giving the opinion

of the court, remarked that a court martial was a court of limited and special jurisdiction. The law would intend nothing in its favour. He who sought to enforce its sentences or justify its judgments, must set forth, affirmatively and clearly, all facts necessary to shew, that it was legally constituted, and had jurisdiction. *Brooks* v. *Adams,* 12 *Pick.* 441.

So in *Starr* v. *Scott,* 8 *Conn. Rep.* 480. this court held, that a certificate of the commissioners upon an insolvent debtor's estate, which did not contain an averment that they had given the notice, which, by statute, they were required to give, was void, and afforded no protection to the debtor, or the sheriff, who, in that case, had suffered the debtor to depart from prison.

In the warrant under consideration, it is not stated, that the fines, which the constable was commanded to collect, had been imposed, by the officer, who issued the warrants. It is, indeed, stated, that the fines had been legally imposed, but by whom, does not appear, either from the warrants themselves, or by reference to any record or proceedings whatever. It is true, they are signed by *Howd,* as captain of the company. But the neglect charged upon the plaintiff, took place, in one instance, more than seven, and in the other, more than eleven months, prior to the date of the warrants. Although *Howd* might have been the captain, at the time of issuing the warrants, it does not necessarily follow, that he was the commanding officer six months or a year previous. But whether he was or was not, the law, in a case like this, will not intend, that the fines were imposed by him, in the absence of any averment of that kind. The form of a writ of execution, prescribed by statute, states before what court the judgment was obtained ; and also refers to the records. In practice, it is believed, the form, in these particulars, is invariably adopted. So in the form prescribed of a warrant for the collection of a rate, it is stated by whom the tax was imposed.

The omission in these warrants of an averment that the fines were imposed by *Howd,* who issued them, is an omission to shew his jurisdiction ; and can neither be justified upon principle nor by usage. The warrants, therefore, are void, and afford no justification to the defendants.

This view of the subject renders it unnecessary to consider

*New-Haven,*
*July, 1835.*

Hall
*v.*
Howd.

the other objections that have been urged against their validity.

The charge of the court to the jury was erroneous; **and a** new trial must be granted.

The other Judges concurred in this opinion.

New trial to be granted.