*Fairfield,*
June, 1838.

Fox
*v.*
Hoyt.

| 12 | 491 |
| 75 | 351 |
| 12 | 491 |
| f77 | 139 |

Fox *against* Hoyt:

### IN ERROR.

Every act of a court of competent jurisdiction, in the various stages of its proceedings in a cause, from its commencement to its termination, will be presumed to have been rightly done, until the contrary appears.

A justice of the peace having before him a cause of which he has jurisdiction, and this appearing from the face of the process and proceedings, has of course jurisdiction over all interlocutory acts necessary to a final judgment.

The court of a justice of the peace in this state, is one whose proceedings and judgments import verity ; and, in this respect, it is not distinguishable from our county or superior courts.

Therefore, where it appeared from the record of a justice of the peace, in an action within his jurisdiction, brought before him, by proper process, legally served, and returnable for trial on the 13th of *January*, that on that day, he was absent from the town where the trial was to be had, and the parties were *duly notified* to appear for trial on the 20th of that month, when the plaintiff appeared and the defendant made default of appearance ; whereupon judgment was rendered for the plaintiff; it was held, that such general finding of notice was conclusive, and the judgment was not erroneous for want of a statement therein of the facts necessary to constitute the notice required by the statute of 1833.

Where a justice of the peace, in an action of book debt, after a default by the defendant, rendered judgment thus—" It is considered that the plaintiff recover of the defendant the sum of five dollars damages, and his costs of suit ;" it was held, that the defendant, by suffering a default, admitted a debt, and the damages were properly assessed ; consequently, the judgment was not erroneous.

THIS was an action of book debt, brought by *Fox* against *Hoyt.* The defendant was summoned to appear before *Sands Adams,* Esq. justice of the peace, at the house of *Nathan Gregory,* in *Stamford,* on the 13th day of *January,* 1838, at 1 o'clock, *P. M.,* then and there to answer unto *Richard Fox,* &c. On the 20th of *January,* 1838, justice *Adams* rendered a judgment for the plaintiff, the record of which is as follows :—" *Fairfield* county, *ss. Stamford, January* 20th, 1838. At a justice's court, holden at *Stamford,* at the house of *Nathan Gregory,* by the subscribing authority, on the day above written—*Richard Fox* against *Rufus Hoyt*—action of book debt, demanding five dollars damages. The parties having been duly notified, on the 13th day of said *January,* to appear at the above place and time, at 2 o'clock, *P. M.,* ac-

*Fairfield,*
*June, 1838.*

Fox
*v.*
Hoyt.

cording to law, the said authority having been absent and out of said *Stamford,* at the time specified for trial in the foregoing writ, the plaintiff appeared, but the defendant made default of appearance; whereupon it is considered, that the plaintiff recover of the defendant, the sum of five dollars damages and his costs of suit."

The defendant brought a writ of error in the superior court, assigning for error, 1. That the justice had rendered judgment against *Hoyt,* not at the time specified in the writ, for the trial of the cause, but at a subsequent time, *viz.* the 20th day of *January*; and that it does not appear from the record, that any notification in writing was issued, by the justice, to notify *Hoyt* that the cause would be tried on said 20th day of *January,* or at any other time; nor that such notice was ever given in any manner to *Hoyt.* 2. That the justice had rendered judgment against *Hoyt* for five dollars damages, and costs, without having found or adjudged that he was indebted to *Fox* on book in that sum.

The superior court reversed the judgment of justice *Adams. Fox* thereupon brought the record, by motion in error, before this court for revision.

*Betts* and *Butler,* in support of the motion, contended, 1. That it sufficiently appears from the record, that the justice proceeded according to law in regard to notice of the time of trial. The record states, that the parties were *duly notified* to appear at the time when, and the place where, the judgment was rendered, *according to law.* If a justice of the peace has general jurisdiction, the record may state his proceedings in general terms; and the law will presume that every thing was done rightly. With regard to pleadings, the presumption is against the party pleading; but with regard to the judgment of a court of general jurisdiction, it is in favour of the judgment. Now, a court which exercises an agency in the general administration of justice, is a court of general jurisdiction, though the part allotted to that court is circumscribed. If the judicial power is divided between two or more courts, this does not prevent each of those courts from being a court of general jurisdiction: if it did, the court of *King's Bench* and the court of *Common Pleas,* in *England,* would not be courts of general jurisdiction. 3 *Bla. Com.* 58. If a justice of the

peace, in this state, is a court of limited and inferior jurisdiction, so is the county court; and so, indeed, is the superior court. A judgment rendered by one, has the same presumption in its favour, as by the other. It is not the practice in any of our courts, in making up a judgment, to find the service of the process. Nor if such a finding is necessary, is its place supplied, by the officer's return. This is but *prima facia* evidence, not importing the verity of a record. After it is made, the officer may come into court, and vary it. It is never recited in the judgment, nor in any manner incorporated into it.

The finding of notice, in this case, is, at least, as particular and precise as any finding of service in the judgments of the superior and county courts. An order of notice has been given; and the record shews that it has been complied with; or the judgment finds, that notice has been given according to law. *Huntington* v. *Birch*, 12 *Conn. Rep.* 142. 151. *Watson* v. *Watson*, 9 *Conn. Rep.* 141. *Service* v. *Heermance*, 1 *Johns. Rep.* 91.

2. That there was no error in the form of the judgment. *Clark* v. *Moses, Kirb.* 143. *Bradley* v. *Clark*, 3 *Day* 502. As judgment was rendered by default, there was no issue to be found.

*Hawley* and *Ferris*, for the defendant, contended, 1. That it must appear from the record of the justice, that the requirements of the statute regarding notice have been complied with; otherwise he had no jurisdiction of the cause. The statute requires three things : first, that the justice give six days notice; secondly, that this notice be in writing; and thirdly, that service thereof be made, by reading or copy. These facts being necessary to give the justice jurisdiction, he must find them, or they must otherwise appear on the record. The presumption that a judge did his duty, and required those things to be done which were necessary, does not arise until jurisdiction is obtained. The records even of our superior and county courts must shew those facts, which, by law, give those courts, respectively, power to act. They are not presumed to have jurisdiction : it must be shewn by averment, or their proceedings are reversible in error. *Scripture* v. *Johnson*, 3 *Conn. Rep.* 211. 213. *Griswold* v. *Mather*, 5 *Conn. Rep.* 436. 438. *Watson* & al. v. *Wells*, 5 *Conn. Rep.* 469. *Wa-*

*terbury* & al. v. *Darien,* 8 *Conn. Rep.* 162. So of city courts. *Wooster* v. *Parsons, Kirb.* 27. 29. *Buel* v. *Fabrick* & al. 1 *Root,* 150. *Cornwell* v. *Hosmer,* 1 *Root* 282. *Nichols* v. *Shaw,* 1 *Root* 315. So of courts of probate. *Hunt* v. *Hapgood* & al. 4 *Mass. Rep.* 121. So of commissioners on an insolvent debtor's estate. *Starr* v. *Scott,* 8 *Conn. Rep.* 480. As to other courts of limited jurisdiction, see *McCormick* & ux. v. *Sullivant* & al. 10 *Wheat.* 192. *Abercrombie* v. *Dupuis* & al. 1 *Cranch* 343. *Montalet* v. *Murray,* 4 *Cranch* 46. *Hodgson* & al. v. *Bowerbank* & al. 5 *Cranch* 303. *Wood* v. *Wagnon,* 2 *Cranch* 9. *Capron* v. *Van Noorden,* 2 *Cranch* 126. *Winchester* v. *Jackson* & al. 3 *Cranch* 515. *Sullivan* & al. v. *The Fulton Steam Boat Company,* 6 *Wheat.* 450. *Kempe's* lessee v. *Kennedy* & al. 5 *Cranch* 173. 185. *Mills* v. *Martin,* 19 *Johns Rep.* 7. 28. *Williams* v. *Blunt,* 2 *Mass. Rep.* 213.

A justice's court in this state, is not only a court of *limited,* but also of *inferior* jurisdiction. It possesses a *part* only of the powers which belong to the higher courts. Its judgments may be reversed, by the superior court. It is subject to a *mandamus* from that court. It cannot try a civil action, in which the title of land is concerned. Its proceedings are regarded with a degree of strictness not applicable to the higher courts. *Bridge* v. *Ford,* 4 *Mass. Rep.* 641. *Palmer* v. *Palmer,* 1 *Root* 202.

Where a particular form of notice is prescribed by statute, it must be fully set out and precisely pursued : an allegation that due notice was given, is insufficient. *Rex* v. *Croke, Cowp.* 30. *Lancaster* v. *Pope* & al. 1 *Mass. Rep.* 86. So where a new power is conferred on a justice of the peace, it must appear that his proceedings are in the *mode* prescribed by the statute. *Bigelow* v. *Stearns,* 19 *Johns. Rep.* 39. 42.

2. That the judgment is defective in form, and, on that ground, erroneous. The record contains no finding of a *debt* due to the plaintiff, but a mere award of damages. Can a party be entitled to damages in book debt, where no debt is found ? For damages, as such, debt will not lie. *Bul. N. P.* 67. In this action, the judgment for the plaintiff is, that he recover his *debt,* together with his damages and costs. 2 *Tidd's Prac.* 842. There must be a foundation for damages, before they can be awarded.

CHURCH, J.   The record of the justice court shows, with sufficient certainty, that the defendant, in the original action, upon a proper process, legally served, and in a case of which the justice had jurisdiction, was legally summoned to appear before justice *Adams,* on the 13th day of *January,* 1838; and that on that day, the justice was absent from the town where the trial was to be had.   The record then proceeds to state, that on the said 13th day of *January,* "the parties were duly notified" to appear again for trial on the 20th day of *January,* at 2 o'clock, *P. M.,* when the plaintiff appeared, and the defendant made default of appearance.   Whereupon it was considered that the plaintiff recover five dollars damages, &c.

Two causes of error are assigned as apparent upon this record : First, that it does not appear that justice *Adams* gave notice to the parties *in writing,* to appear before him, for the trial of said action, on the 20th day of *January ;* nor that the notice was *served,* either by reading, or leaving a copy with the parties, in conformity with the provisions of the statute of 1833.   And secondly, that it does not appear, that justice *Adams* found or adjudged any *debt* to be due to the plaintiff.

1. The statute of 1833, in addition to the act for regulating courts, &c., enacts, "that whenever any writ, suit or civil process, shall be made returnable before any justice of the peace, and at the time appointed for the trial of the same, said justice shall be absent from the town where the trial is to be had, said justice may, at any time within twenty days after the said time for trial, proceed to try said cause, in the same manner as he might have done at said time named for trial : Provided, that he shall give six days previous notice of the time and place of said trial, to the parties in said cause, in writing, to be read in hearing of said parties, or a true and attested copy thereof to be left at their usual place of abode." Before the enactment of this law, if a justice of the peace was absent, at the time of trial, no legal provision existed for the continuance of his power and jurisdiction over the action ; and no further proceedings could be had in the suit.

That the justice in this case, after the return day of the writ, the 13th day of *January,* could proceed no further, unless he caused the parties to be notified in writing, in the manner prescribed by the statute, is not a matter for dispute, and cannot be.   But the question is, whether the facts necessary to con-

*Fairfield,*
*June, 1838.*

Fox
*v.*
Hoyt.

stitute a legal notice, should have been detailed upon the record of the justice, and for want of this, the judgment be erroneous? Or was it enough that it was found and stated, by the justice, that "the parties were duly notified?"

This action, at its commencement, was clearly within the jurisdiction of the justice. The sum in demand, the process and the parties, were such as gave to him jurisdiction. And the fact that on the return day, the justice was absent from the town, did not take away his jurisdiction over the cause, which had been legally commenced. The statute sustained the powers of the court, preserved the action alive, authorized future proceedings, and directed the manner of them. The justice, therefore, having before him a cause, as it appeared from the face of the process and proceedings, of which he had jurisdiction, had, as a matter of course, jurisdiction over all interlocutory acts legally necessary to a final judgment. It would seem to follow from these premises, if they are true, that the finding of the justice, that the parties were duly notified, is conclusive evidence of its truth. The supreme court of the *United States,* in the case of *Voorhees* v. *The United States Bank,* 10 *Peters* 472. in discussing this subject, says : " There is no principle better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears. This rule applies as well to every judgment or decree rendered in the various stages of their proceedings, from their initiation to their completion, as to their adjudication that the plaintiff has a right of action. Every matter adjudicated becomes a part of their record, which thenceforth proves itself, without referring to the evidence on which it has been adjudged."

If this doctrine is applicable to the present case, of which there can be no doubt, the consequence is irresistible, that the fact of notice having been adjudicated, must be taken to be true, without referring to the evidence upon which the adjudication was predicated. The justice, by his record, says, the parties were duly notified ; by which is meant, that they were notified, in the manner prescribed by law. This is the obvious meaning of the language used. This the justice had a right to enquire after, and to find as an essential fact ; and in doing so, he must be presumed to have acted right. This principle has been often recognized, even when applicable to

tribunals of special and limited powers.  *Service* v. *Heer-*
*mance,* 1 *Johns. Rep.* 91.    *Frary* v. *Dakin,* 7 *Johns. Rep.*
75.

It was claimed for the defendant, in the argument, that a
justice's court in this state is one of special and limited jurisdic-
tion, and could not justify its proceedings at all, unless upon
the face of them every fact appeared, which was necessary to
confer jurisdiction.

We are not persuaded that it is necessary for the determina-
tion of this case, that we should look after and decide the pre-
cise distinction between courts of general and courts of limited
jurisdiction, or whether a justice's court be the one or the other.
For if we are correct in the opinion already expressed, that
justice *Adams* in this case had jurisdiction from the com-
mencement of this suit, which was not foregone, by his ab-
sence on the return day of the writ ; then the principle which
the defendant would derive from this claim, has no application
here.

If by a court of general jurisdiction, is meant one of unlimit-
ed powers, then we have none such in this state ; nor do we
know of any elsewhere.    And if by a court of limited jurisdic-
tion, is meant one whose powers are subordinate to some other
court ; then all but courts of dernier resort, are of this charac-
ter.    Such is not the sense in which this subject has been un-
derstood, either in *England* or in this country.    We think
that a court of record proceeding according to the common
law of the land, and whose judgments may be revised by writ
of error, is a court whose proceedings and judgments import
verity, and until reversed, will protect all who obey them ; and
in this respect, there is, in this state, no distinction between
courts of justices of the peace and the county and superior
courts.    In this sense, the courts of common pleas of *New-*
*Jersey, Massachusetts, Vermont* and *Ohio,* have been con-
sidered as courts of general jurisdiction.    *Kempe's* lessee v.
*Kennedy,* 5 *Cranch* 173.    *Wheeler* v. *Raymond,* 8 *Cowen*
311.    *Harrod* v. *Barrett,* 1 *Hall* 155.    *Tobias Watkins'*
case, 3 *Peters* 193.    *Voorhees* & al. v. *The United States*
*Bank,* 10 *Peters* 474.    *Betts* v. *Bagley,* 12 *Pick.* 572.
*Foot* v. *Stevens,* 17 *Wend.* 483.    *Watson* v. *Watson,* 9
*Conn. Rep.* 144.    *Howd* v. *Hall,* 10 *Conn. Rep.* 514.    Be-
tween all these courts and mere special tribunals, such as com-

missioners on insolvent estates, committees, military tribunals, and many others, which are not courts of record, and are established for some special and perhaps temporary purpose, there exists a very marked distinction in regard to the credit and sanction to which their proceedings are entitled, and the immunities, which may be claimed by themselves, and such as act under them.

The form of making up the record of judgments in this state, may be, in some respects, variant in different counties; but we believe it is not usual that courts of record set forth the manner in which the service of process has been made. Generally, nothing more definite appears, than that the " writ has been duly served and returned, and entered upon the docket of the court." It is true, however, that in most cases, the original process, with the officer's return of service, accompanies the record, by reference to which the evidence and mode of service appears. Yet neither the original nor any intermediate process, nor the indorsement or attestation of service, constitutes in truth any part of the record of *the court*, in any sense in which records are understood to import verity. They prove nothing more than their own existence, except so far as the facts stated in them are established, by the finding of the court, either directly, or by reference to them. Even the officer's return of service affords only *prima facie* evidence of the facts therein stated.

It is not unfrequent that, as in the present instance, orders of notice have been made pending an action, or bill in chancery; but we do not think that such orders, or the evidence of their service, have uniformly made a part of the files of the court; nor are we prepared to say, that it is essential they should, so long as the court finds and sets forth upon its record that legal notice has in fact been given.

2. By suffering a default, the defendant admitted a debt to be due to the plaintiff. There being no defence interposed and no issue formed, there was no fact necessary to be found, by the court, to enable the plaintiff to recover something. The assessment of damages was all that remained to be done. 11 *Petersd. Abr.* 644. 1 *Sw. Dig.* 783.

The assessment of damages after default, in *England,* as well as in some of our sister states, is made by a jury upon a writ of enquiry, or by a reference to the clerk or prothonotary.

By our law, damages in such cases are assessed, by the court; and this has been done in the present case. The court, by its record, says, "It is considered that the plaintiff recover five dollars, damages," &c. We see no objection to this assessment, even in point of form.

*Fairfield,*
*June, 1838.*

Fox
*v.*
Hoyt.

We think there is nothing erroneous in the judgment of the justice; and are, therefore, of opinion, that the judgment of the superior court should be reversed.

In this opinion the other Judges concurred.

Judgment reversed.