*Litchfield*,
June, 1845.

Mallory
*v.*
Merritt.

## Mallory *against* Merritt.

Where the captain of a military company imposed a fine upon a private enrolled therein, who was a minor, for neglect of duty, and issued a warrant for the collection of such fine, requiring the officer to whom it was directed to levy it upon the goods of the delinquent, and for want thereof, to take his body, and him commit, &c.; by virtue of which warrant, such minor was imprisoned; in an action of trespass, brought by him against the captain, it was held, 1. that the defendant was not by law empowered to issue such warrant against the plaintiff, and cause him to be imprisoned; 2. that the captain, in issuing a warrant for the collection of a military fine, is not restricted to the form set forth in the statute, but may adapt it to the exigencies of the case; 3. that in this case, trespass against the captain, was the appropriate remedy; 4. that the defendant could not avail himself of the plaintiff's right of appeal from the imposition of the fine, by way of justification or defence in this suit.

This was an action of trespass *vi et armis*, in which the defendant was charged with having unlawfully imprisoned the plaintiff. The defendant pleaded, by way of justification, that as captain of a military company, in which the plaintiff was enrolled as a private, he imposed a fine upon the plaintiff, for neglect of duty in that company; and for the collection of such fine, he issued his warrant, directed to a constable, by virtue of which the plaintiff was imprisoned; setting forth the warrant, which was in the form prescribed by the statute. To this plea the plaintiff replied, that at the time of his commitment, he was a minor, under the age of twenty-one years. To this replication there was a general demurrer. The case was thereupon reserved for the advice of this court.

*Hubbard* and *Warner*, in support of the demurrer, after remarking, that by the laws of Congress and this state, the plaintiff, though a minor, was liable to be enrolled, as he in fact was, and to do military duty, and the injury complained of was the result of his neglect to make known to the defendant, or to the officer, the fact of his minority; contended, 1. That the defendant was authorized by law to issue his warrant against the body of the plaintiff. He was the person who had violated the law, and who was fined. He was the *delinquent;* and according to the form prescribed by the

statute, the warrant, in all cases, goes ultimately against the body of the delinquent. *Stat.* 461, 2, 3. (ed. 1838.)

2. That if the defendant was imprisoned wrongfully, he has sought redress against the wrong person. The warrant was correct in point of form. All that the defendant did, was according to law. The unauthorized act was done by the officer, after the warrant came into his hands, and by him alone. The 27th section of the militia act, prescribes the manner in which the warrant is to be levied ; in cases where the delinquent is of the age of twenty-one years, and where he is under that age. *Stat.* 437. (ed. 1838.) The full extent of the plaintiff's grievance, is, that the officer mistook his duty in executing the warrant ; and this, we may well suppose, merely because he did not know the delinquent's age.

3. That if any action will lie against the defendant, it is an action *on the case,* in which *science* and *malice* must be alleged. *Luddington* v. *Peck*, 2 *Conn. R.* 700. *Swift* v. *Chamberlin*, 3 *Conn. R.* 537. 1 *Sw. Dig.* 547.

4. That if the plaintiff was aggrieved, by the imposition of the fine, his remedy was by *excuse* or *appeal*. *Merriman* v. *Bryant*, 14 *Conn. R.* 200.

*Church*, contra, was stopped by the court.

WAITE, J. 1. The first question arising upon the pleadings, in this case, is, whether the defendant had power to issue the warrant set out in his plea, and cause the plaintiff, being a minor, to be imprisoned. If the defendant possessed that power, it was conferred upon him, by the statute of this state, entitled, " An act for forming and conducting the military force." By the 27th section of that statute, it is provided, that a warrant, granted for the collection of any fine, imposed by virtue of that act, may be levied on the goods or chattels of the delinquent, if of the age of twenty-one years, and for want of such goods and chattels, on the body of such delinquent : and on the goods or chattels of the parent, master or guardian, and him commit to gaol, until such fine be paid. *Stat.* 437. (ed. 1838.)

The statute confers upon the captain power to issue his warrant for the collection of a fine, against the goods and

person of the delinquent, when of a full age ; but no power to issue such warrant against a minor. If the minor has a parent, master or guardian, the latter becomes liable for the delinquency of the former. If there is no such parent, master or guardian, no provision is made for the collection of a fine, imposed upon a minor. Whether, therefore, the minor had a parent, master, or guardian, or had not, is immaterial ; as, in neither event, was he liable to imprisonment for the fine imposed upon him by the defendant. The issuing of the warrant, therefore, by the defendant, was unauthorized by law, and affords him no justification for the injury complained of by the plaintiff.

2. It is further claimed, that as the warrant, in this case, is in conformity with the form prescribed by the statute, it was the duty of the officer to levy it upon the property of the parent, if it was found that the plaintiff was a minor. It would be very strange, that a statute should authorize a warrant, issued against the goods and person of one person, to be levied upon another person not named in the warrant. But upon referring to the statute, no such absurdity appears. *Stat.* 461, 2, 3. (ed. 1838.) It prescribes forms to be used *in certain cases*, and then provides, " that it shall be lawful for any military officer imposing a fine, as often as occasion may require, to make use of other and different forms than those in the act prescribed." There was, therefore, no difficulty in the way of the defendant's making his warrant according to the exigencies of his case.

3. Again, it is said, that the plaintiff has mistaken his remedy, and that he ought to have brought an action on the case. But here an illegal act has been done : the plaintiff has been unlawfully imprisoned, by order of the defendant. And no rule is better settled, than that when a trespass has been committed, by the command of a person, that person is liable in an action of trespass. *Hall* v. *Howd* & al. 10 *Conn. R.* 514. *Williams* v. *Bruce*, 5 *Conn. R.* 190. *Thames Manufacturing Company* v. *Lathrop*, 7 *Conn. R.* 550.

4. It is finally said, that the plaintiff's appropriate remedy was by an appeal. But he complains not of the fine : that, for ought that now appears, was legally imposed. If it was, no relief could have been obtained, by an appeal to a superior

officer. The injury complained of, is the illegal mode resorted to, for the purpose of compelling the payment of that fine. This case materially differs from that of *Merriman* v. *Bryant*, 14 *Conn. R.* 200. to which we have been referred. There, the plaintiff was originally liable to do military duty, but claimed an exemption, by reason of a subsequent enlistment into a fire company. In that case, it was holden, that it was his duty to have shown his exemption, either to the defendant, or by an appeal to a superior officer. Here, the plaintiff claims no exemption from military duty, but simply, that the law gives the defendant no authority to imprison him, if he neglect to perform that duty.

Our advice, therefore, is, that the demurrer be overruled.

In this opinion the other Judges concurred, except STORRS, J., who was absent.

Judgment for plaintiff.