OLIVIA CASE *vs.* AUSTIN I. BUSH.

Second Judicial District, Norwich, April Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

A judge is not answerable in a civil action for a judgment rendered by him in his judicial capacity, however erroneous, provided he had jurisdiction of the persons, the process and the subject-matter.

Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceeding in question belongs.

Upon presentation to a Court of Probate of a duly-authenticated and exemplified copy of a foreign will conveying property situated within the local probate district, as provided in General Statutes, § 4956, the judge of that court is bound to take jurisdiction of the proceeding for the purpose of deciding whether there is "sufficient objection" to recording the document so as to give it the same effect as if it had been originally probated here; and therefore having a right to hear and dispose of the case, he cannot be made liable for damages in a civil action for reaching a wrong conclusion, or for issuing orders and decrees in the progress of the cause which were in excess of his powers.

Argued April 30th—decided June 11th, 1919.

ACTION to recover damages resulting from the alleged corrupt and malicious usurpation of judicial authority by the defendant as judge of probate, brought to and tried by the Superior Court in New London County, *Keeler, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The complaint alleges that Clara M. Root died intestate in 1913 leaving certain real estate; that the defendant as judge of probate appointed administrators on her estate, which was finally settled and the real estate in question distributed to the plaintiff on October 21st, 1914. On October 21st, 1915, the defendant made a decree revoking and setting aside the letters of administration before granted, vacating and striking from the records the final account of the former administrators and requiring the plaintiff to account for the rents and profits of the real estate. This was done in a proceeding, instituted under § 4956 of the General Statutes, by the executors of a will which had been probated in New York as the will of Clara M. Root and by which the real estate in question was devised to the executrix of the New York will, praying that an exemplified copy of the will and probate be recorded in the Probate Court for the District of East Lyme, that the letters of administration already granted be revoked, and that ancillary administration be granted to the petitioner.

It is alleged that the defendant had no jurisdiction to pass the orders in question, that he acted maliciously and corruptly, and that the plaintiff was specially damaged thereby in that she was compelled at considerable expense to appeal to the Superior Court, which adjudged that the decrees in question were null and void, and also because she was compelled to safeguard the premises from occupation by the agents of the New York executrix.

The defendant's answer denied that Clara M. Root died intestate, denied corruption and malice, alleged that defendant had no knowledge or information as to the special damage alleged, and admitted all the other allegations of the complaint.

*Frank L. McGuire,* for the appellant (plaintiff).

*Arthur M. Brown* and *Charles V. James,* for the appellee (defendant).

BEACH, J. Plaintiff relies on the rule that the judge of an inferior court is personally liable for the injuries consequent on a judgment given in a cause over which he had no jurisdiction. The rule is formulated in *Prince* v. *Thomas,* 11 Conn. 472, as follows: "If a warrant issues from a magistrate or officer of special and limited powers, who has not jurisdiction of the person, subject-matter and process, all who are voluntarily and actively engaged in its procurement and execution, are trespassers." This rule has been applied in a number of cases in which void process was issued by a justice of the peace, grand juror, or military officer. *Burlingham* v. *Wylee,* 2 Root, 152; *Grumon* v. *Raymond,* 1 Conn. 40; *Tracy* v. *Williams,* 4 Conn. 107; *Hall* v. *Howd,* 10 Conn. 514; *Allen* v. *Gray,* 11 Conn. 95; *Dyer* v. *Smith,* 12 Conn. 384; *Mallory* v. *Merritt,* 17 Conn. 178; *Church* v. *Pearne,* 75 Conn. 350, 53 Atl. 955. On the other hand, "a judge or justice is never answerable in a civil suit for a judgment rendered by him, in his judicial capacity, however erroneous, provided he has jurisdiction." *Holcomb* v. *Cornish,* 8 Conn. 375, 381. Or, as was said in *McVeigh* v. *Ripley,* 77 Conn. 136, 139, 58 Atl. 701, provided "he had jurisdiction over the person, the process and the subject-matter."

In this case the jurisdiction over the parties and process turns on the question whether the defendant had jurisdiction over the subject-matter. "Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceedings in question belong." 15 Corpus Juris, 734; 4 Words & Phrases, 3886, 3887, and many cases cited. The Supreme Court of the United States defines jurisdiction as "the right to adjudicate concerning the subject-matter

in the given case. To constitute this there are three essentials: first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue." *Reynolds* v. *Stockton*, 140 U. S. 254, 268, 11 Sup. Ct. 773.

In this case the order complained of was passed in a proceeding instituted under General Statutes, § 4956, relating to the recording in this State of foreign probated wills. The proceeding was within the exclusive jurisdiction of the Court of Probate for the District of East Lyme, where the real estate in question was located, and the defendant as judge of that court was bound to take jurisdiction of the proceedings for the purpose of deciding whether there was, in the language of the statute, "sufficient objection" to recording the document so as to give it the same effect as if originally probated here. Having properly taken jurisdiction of the petition, the defendant notified the plaintiff and she appeared. He then had jurisdiction of the subject-matter and the parties, and his power to hear and determine the controversy cannot be seriously questioned.

That being so, he cannot be made liable in a civil action for having decided the case wrongly, or for having, in the progress of a case over which he had jurisdiction, promulgated orders and decrees which were in excess of his powers. In *McVeigh* v. *Ripley*, 77 Conn. 136, 58 Atl. 701, a justice of the peace having jurisdiction to impose a fine of $7 for the larceny of any chattel not exceeding $15 in value, found the accused guilty of stealing a horse worth $10 and fined her $5. By another statute horse stealing was punishable by imprisonment only and not by a fine, and therefore the only disposition which the defendant could lawfully have made was

to have found probable cause and to have bound the accused over for trial in a higher court. In that case, as in this, the defendant had jurisdiction of the subject-matter and of the parties. He had a right to hear and dispose of the case, but he disposed of it erroneously by issuing an order which he had no authority to issue. And we said (p. 141): "If in exercising a jurisdiction which does belong to him he issues an illegal order, it is not to be treated as so absolutely void as to afford him no protection for what may be done under it;" citing *Holcomb* v. *Cornish*, 8 Conn. 375, 380; *Bradley* v. *Fisher*, 80 U. S. (13 Wall.) 335, 347, 352; *Ex parte Lange*, 85 U. S. (18 Wall.) 163, 174; *Lange* v. *Benedict*, 73 N. Y. 12, 32; *Austin* v. *Vrooman*, 128 N. Y. 229, 28 N. E. 477.

The trial court has found that the defendant did not act maliciously or corruptly, and the testimony does not require us to disturb that finding.

There is no error.

In this opinion the other judges concurred.