[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On June 8, 1992, plaintiffs Joseph and Louri Antinerella filed a five count complaint against defendant Alfred J. Rioux, High Sheriff of Hartford County, in his official and individual capacities. In count one, plaintiff Joseph Antinerella alleges that he served as a deputy sheriff for Hartford County from approximately June 1978 through October 31, 1991. In paragraphs one through thirty of the first count, plaintiff Joseph Antinerella alleges essentially a wrongful discharge claim, asserting, inter alia, that the defendant "without good cause or reason, terminated the Plaintiff's business on October 31, 1991, by taking his deputy sheriff's badge away," that at the time of plaintiff's termination, defendant "knew that the Plaintiff was competently performing his duty," and that defendant "terminated Joseph Antinerella for the Defendant's personal gain." (Complaint, First Count, paras. 26, 27, 30). In the first count, plaintiff Joseph Antinerella further alleges that defendant "engaged in unfair methods of competition and unfair and deceptive acts or practices in the distribution of service of process, the restraint of the Plaintiff's business, the termination of the Plaintiff's business, and the taking of the Plaintiff's business for his own personal gain in violation of Conn. Gen. Stat. 42-110a
et seq.," the Connecticut Unfair Trade Practices Act CT Page 11595 (CUTPA). (Complaint, First Count, para. 31). In the second count, plaintiff Joseph Antinerella incorporates the wrongful discharge allegations of the first count, paragraphs one through thirty, and further alleges that defendant tortiously interfered with plaintiff's contractual relationships with his customers for defendant's own personal gain. In the third count, plaintiff Joseph Antinerella also incorporates the wrongful discharge allegations of the first count and further alleges that the defendant engaged in racketeering activity in violation of Chapter 949c et seq. of the General Statutes. In the fourth count, plaintiff Joseph Antinerella incorporates the wrongful discharge allegations of the first count and further alleges that defendant negligently caused plaintiff serious personal and economic injuries. In the fifth count, plaintiffs incorporate the wrongful discharge allegations of the first count and further allege that defendant's actions seriously impaired plaintiff Louri Antinerella's relationship with her husband, Joseph Antinerella, and have caused "her loss of the enjoyment of what was a wonderful relationship and impaired conjugal relations." (Complaint, Fifth Count, para. 31). Plaintiff Joseph Antinerella further alleges in the fifth count that by terminating the plaintiff, defendant breached an oral agreement with the plaintiff that "should the Plaintiff continue to perform his services in a competent manner he would be allowed to carryout [sic] his trade and business of service of process." (Complaint, Fifth Count, para. 32). Plaintiffs seek money damages, punitive damages, attorneys' fees, and injunctive relief.
On July 1, 1992, pursuant to Practice Book 142 and 143, defendant moved to dismiss plaintiffs' complaint on the grounds that "plaintiffs' action against the defendant in his official capacity is barred by the principle of sovereign immunity" and "plaintiffs' action against the defendant in his individual capacity is barred by the immunity of Conn. Gen. Stat. 4-165." (Motion to Dismiss, p. 1). Defendant's motion to dismiss is accompanied by a memorandum of law in support thereof.
On August 6, 1992, plaintiffs filed a memorandum CT Page 11596 in opposition to defendant's motion to dismiss.
A motion to dismiss "shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book 143. "`"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong."'" Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108,111-12, 438 A.2d 834 (1981), quoting Case v. Bush,93 Conn. 550, 552, 106 A. 822 (1919). "The defense of sovereign immunity may be raised in a motion to dismiss an action against the state." Duguay v. Hopkins,191 Conn. 222, 227, 464 A.2d 45 (1983). In addition, the Connecticut Supreme Court has recognized, as proper, the use of a motion to dismiss to raise statutory immunity under General Statutes 4-165. See, e.g., Sullivan v. State, 189 Conn. 550, 551-52, 457 A.2d 304 (1983).
Since defendant's motion to dismiss "`does not seek to introduce facts outside of the record it . . . admits all well pleaded facts, the complaint being construed most favorably to the plaintiff[s]. Brewster v. Brewster, 152 Conn. 228, 233, 206 A.2d (1964).'" Duguay v. Hopkins, supra, quoting American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983).
Defendant moves to dismiss plaintiffs' complaint against him in both his official and his individual capacities. First, defendant argues that "[t]he instant lawsuit against the defendant in his official capacity as High Sheriff is barred by the doctrine of sovereign immunity." (Defendant's Memorandum in Support, p. 2). Second, as to plaintiffs' suit against defendant in his individual capacity, defendant argues that pursuant to General Statutes 4-165, he "is immune from suit for any claim made by the plaintiffs in this case which does not state allegations the defendant acted in a wanton, reckless or malicious manner to deprive them of their rights or cause them injury." (Defendant's Memorandum in Support, pp. 9-10). Defendant maintains that pursuant to General Statutes 6-37 and 6-45, the "High Sheriff has unlimited statutory power to hire and fire a deputy sheriff." (Defendant's Memorandum in Support, CT Page 11597 pp. 10-11).
Plaintiffs argue that their action against defendant in his official capacity is not barred by sovereign immunity because General Statutes 6-30 waives sovereign immunity for a sheriff's negligence.
Plaintiffs further argue that "4-165 is not applicable to the defendant nor to the claims set forth in the complaint." (Plaintiffs' Memorandum in Opposition, p. 4). Plaintiffs maintain that they have pleaded sufficient factual allegations in counts one, two, three and five of their complaint to support "wanton, reckless or malicious" conduct by the defendant, and, therefore, 4-165 is inapplicable.
I. Sovereign Immunity
 "We have long recognized the common-law principle that the state cannot be sued without its consent. . . . We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant." (Citations omitted.) Sentner v. Board of Trustees, 184 Conn. 339, 342, 439 A.2d 1033 (1981).
Tamm v. Burns, 222 Conn. 280, 283, ___ A.2d ___ (1992). "`It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases.'" White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990), quoting Duguay v. Hopkins, supra, 227.
 "In those cases in which it is alleged that the defendant officer is proceeding under an unconstitutional statute or in excess of his statutory authority, the interest in the CT Page 11598 protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine."
Horton v. Meskill, 172 Conn. 615, 624, 376 A.2d 359
(1977), quoting Block, "Suits against Government Officers and the Sovereign Immunity Doctrine," 59 Harv. L. Rev. 1060, 1080.
Plaintiffs maintain that the legislative enactment of General Statutes 6-30 constitutes a waiver of sovereign immunity by the state in the context of suits against sheriffs.
General Statutes 6-30 provides:
 No person shall enter upon the duties of sheriff until he executes a bond of ten thousand dollars, to the acceptance of the governor, payable to the state, conditioned that he will faithfully discharge the duties of his office, including his duties when serving as deputy of another sheriff under the provisions of section 6-38, and answer all damages which any person may sustain by his unfaithfulness, malfeasance, wrongdoing, misfeasance or neglect; and the governor may, at any time, demand of any sheriff a new bond and, on neglect or refusal to give it, such sheriff shall be considered to have resigned his office. Each sheriff shall receive a commission and his bond shall be lodged with the secretary and recorded in the records of the state and a copy thereof, certified by the secretary, shall be evidence of its execution.
(Emphasis added.)
General Statutes 6-30a provides:
 Each sheriff and deputy sheriff, on or after October 1, 1976, shall be required to carry personal liability insurance for damages CT Page 11599 caused by reason of his tortious acts in not less than the following amounts: For damages caused to any one person or to the property of any one person, one hundred thousand dollars and for damages caused to more than one person or to the property of more than one person, three hundred thousand dollars. For the purpose of this section "tortious act" means negligent acts, errors or omissions for which such sheriff or deputy sheriff may become legally obligated to any damages for false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, violation of property rights or assault and battery if committed while making or attempting to make an arrest; provided, it shall not include any such act unless committed in the performance of the official duties of such sheriff or deputy sheriff.
The Connecticut Supreme Court "has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed. . . . Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." (Citations omitted.) White v. Burns, supra, 312. "`[T]he state's sovereign right not to be sued without its consent is "not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms. . . ."'" Id., 312-13, quoting Murphy v. Ives, 151 Conn. 259, 262-63,196 A.2d 596 (1963).
The plain words of General Statutes 6-30 and6-30a do not indicate any waiver of sovereign immunity under the facts alleged in the plaintiff's complaint. While these statutes provide for a bond and personal liability insurance for damages caused by tortious acts, these statutes do not contain any language which could be construed to waive sovereign immunity and provide for a direct action by any person claiming such damages against a sheriff or deputy who may be liable. Compare CT Page 11600 General Statutes 6-30, 6-30a with General Statutes52-556 (expressly provides right of action for damages against state by persons injured through negligence of state official or employee while operating a motor vehicle); General Statutes 13a-144 (expressly provides for direct civil action for damages against commissioner of transportation by persons injured by defective highway); Duguay v. Hopkins, supra, (court held that language of General Statutes 19a-24 expressly waives sovereign immunity and authorizes civil actions against commissioners of health services and mental retardation without first bringing claim before claims commissioner). General Statutes 6-30 and 6-30a
contain no language which would indicate that plaintiffs in this case may bring a direct action against defendant in his official capacity without first obtaining the consent of the claims commissioner pursuant to General Statutes 4-160. General Statutes 6-30 and 6-30a
contain no express language indicating that the suit by the plaintiffs is a claim "upon which suit otherwise is authorized by law" pursuant to General Statutes4-142(2). See Duguay v. Hopkins, supra, 226, 229.
If General Statutes 6-30 and 6-31 could be interpreted to authorize any direct actions against a sheriff without first obtaining the permission of the. claims commissioner, the only actions which appear to have even been contemplated by the legislature are suits by persons who have been damaged by the neglect or misconduct of a sheriff or deputy in serving process or in performing some aspect of his official duties. A thorough review of the Connecticut cases involving actions against sheriffs reveals no situations resembling the case now before the court, in which a deputy sheriff has brought an action against a sheriff who has dismissed him.
Plaintiffs' complaint contains no allegations which would indicate that the state has either expressly waived its sovereign immunity in this situation, or that plaintiffs' action falls within some exception to sovereign immunity. Accordingly, defendant's motion to dismiss plaintiffs' complaint against him in his official capacity is granted. CT Page 11601
II. General Statutes 4-165 Immunity
General Statutes 4-165 provides in relevant part:
 No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter.
"A sheriff of a county is a public officer. 47 Am.Jur. 826, 8. . . . He holds his office, not as an `employee' under contractual relation, but as a public official under trust from the state. . . ." Rogers v. County Commissioners of New Haven County, 18 Conn. Sup. 401,403 (C.P. 1953).
General Statutes 4-165 was intended to grant state officers and employees immunity "`where and because the state may be sued.'" McKinley v. Musshorn,185 Conn. 616, 621, 441 A.2d 600 (1981), quoting Spring v. Constantino, 168 Conn. 563, 571, 362 A.2d 871 (1975). Because it abrogates the previously existing common law rights of redress against state officers or employees, the statute must be strictly construed. McKinley v. Musshorn, supra, citing Spring v. Constantino, supra, 570. An individual having a liability claim for which a state officer or employee is immune pursuant to General Statutes 4-165 may present it as a claim against the state to the claims commissioner. General Statutes4-165; see McKinley v. Musshorn, supra.
General Statutes 6-45 provides in relevant part that "[t]he sheriff may, at his pleasure, dismiss from office the deputies appointed by him." All of the counts of plaintiffs' complaint are based, in essence, upon a claim by plaintiff Joseph Antinerella that he was wrongfully terminated by defendant so defendant could engage in alleged illegal or improper conduct. However, as stated above, General Statutes 6-45 expressly provides that a sheriff may dismiss deputies at his CT Page 11602 pleasure. Thus, the plain words of General Statutes 6-45 allow a sheriff to dismiss a deputy for any reason, without limitation as to improper or illegal motives or purposes. Accordingly, any allegations contained in plaintiffs' complaint regarding malicious, improper or illegal motives for defendant's alleged wrongful termination of Joseph Antinerella are not allegations of maliciousness for which defendant can be held liable as an individual, since, by statute, defendant in his official capacity as sheriff is expressly permitted to dismiss deputies at his pleasure regardless of his motives or the propriety of his reasons for such dismissal. The allegations of plaintiffs' complaint regarding defendant's conduct are insufficient to strip defendant of the immunity from personal liability granted to state officers and employees pursuant to General Statutes 4-165. Instead, General Statutes 4-165 provides plaintiffs with a remedy through the claims commission process.
Accordingly, defendant's motion to dismiss plaintiffs' complaint against him to the extent that plaintiffs bring suit against defendant in his individual capacity is granted.
Mary R. Hennessey, Judge