## Peugnet vs. Phelps.

</div>

The Supreme Court has no inherent power to declare a marriage contract void, or to decree a limited or an absolute divorce. Whatever power it possesses is given by statute; and it can exercise no power, on the subject of divorce, except what is expressly specified in the statute.

The court has no jurisdiction to declare a marriage void, on the ground that a decree for divorce was obtained against the defendant by her former husband, for adultery; in which decree she was forbidden to marry again until her said husband should be dead; and that in disobedience of this provision she and the present plaintiff went to another state and were there married.

THIS is an action for the purpose of having a marriage declared void, on the ground that a divorce was obtained against the defendant, by her former husband, for adultery with this same plaintiff; that in the decree in which the divorce was ordered she was forbidden to marry again until her said husband should be dead ; and that in disobedience of this provision, she and the plaintiff in this action went to Jersey City, in the state of New Jersey, and were there married,

according, as appears from the answer, to the rites of the Protestant Episcopal church.

CLERKE, J.   This court has no inherent power to declare a marriage contract void; neither has it inherent power to decree a limited or an absolute divorce. · The common law courts, or court of chancery in England, never possessed it. The jurisdiction in relation to marriage and divorce was confined, until very recently, to the ecclesiastical courts; although parliament frequently granted divorces dissolving the marriage contract for adultery.

Whatever power, therefore, this court possesses is given by statute.   It can exercise no power, on the subject of divorce, except what is expressly specified in the statute.

The power to declare any marriage void is contained in chapter 8, part 2 of the Revised Statutes, title 1, article 2. The cases in which it is given are enumerated in that article; and the case, upon which this application is founded, is not included among them.   It appears to me, therefore, clear that this court has no jurisdiction in this matter; and that to grant the relief demanded would be a plain usurpation of authority.

Whatever may be the punishment to which the defendant is liable for disobeying the command of the court, forbidding her to marry again, is another question, with which I have no concern on the present occasion.

The complaint is dismissed, with costs.

[NEW YORK SPECIAL TERM, April 1, 1867. *Clerke*, Justice.]