Sullivan agt. Sullivan.

# N. Y. SUPERIOR COURT.

## John D. Sullivan agt. Mary Jane Sullivan.

*Reference for the disposition of the issues in actions for divorce on the ground of adultery — rules and practice.*

In an action for divorce on the ground of adultery, where the defendant appears and in her answer denies each and every allegation contained in the complaint, except the allegation of marriage, an issue is joined which must be disposed of in some way authorized by law. It can be disposed of only by a trial, and there are but three modes of trial, viz.: 1, by jury; 2, by the court; and 3, by a referee.

In such action a trial may be had before a referee, by section 270 of the Code, which gives to parties an absolute right to a reference of the issues, provided they agree in writing to that effect; but the proper order for that purpose must be procured.

An order of reference in an action for divorce, after issue joined, requiring the referee simply to take proof of all the material facts set forth in the pleadings, and to report the same to the court with his opinion thereon, confers no power to try, and is irregular.

A referee is but the creature of the statute and an order, and as such possesses no greater jurisdiction than is delegated to him by the order. Authority is conferred upon him by a special grant for the purposes of each particular case. Unless the order of reference empower him to hear and determine the issues, he has no such power, and where no such authority has been conferred, there can be no trial of the issues.

To confirm the report of a referee under such circumstances, and award judgment thereon on a mere motion, would amount substantially to a trial of the issues by the court upon affidavits.

It is only in cases where no issue has been joined, or where some interlocutory question is involved, that a reference to simply take and report evidence is now allowable.

The law, and the rules and practice of the court which govern references for the disposition of the issues in actions for divorce on the ground of adultery, very fully pointed out.

*Special Term, March,* 1877.

ACTION for divorce brought by plaintiff against his wife on the ground of adultery. The case was sent to a referee, who reported in favor of the plaintiff, and a motion is now made to confirm the referee's report and for the entry of judgment.

FREEDMAN, J. — There are several reasons why the motion should not prevail. No proof appears to have ever been made as to the service of the summons and complaint as required by Rule 87. Notice of appearance and retainer is not sufficient. The referee, in his report as originally made, was of the opinion that the proofs taken by him established that the defendant did commit adultery with one Robert Warren, as alleged in the complaint, and with him only. The testimony upon this point was not satisfactory to the court, for the case was referred back to the referee to take further proof of defendant's adultery. Further proof was taken, and the same consists of the confession of a man named Nicholas Duffy to the effect that he had sexual intercourse with the defendant. But the report does not show, nor does it appear anywhere, that such further proof, which confessedly was taken at a time and place at which the defendant was neither present in person nor represented by counsel, was regularly taken on notice to the defendant, nor does the referee express an opinion as to its credibility. The most serious objection, however, is that the whole reference was irregular. The defendant appeared in the action. By her answer she denied each and every allegation contained in the complaint, except the allegation of marriage. The issue thus joined must be disposed of in some way authorized by the law. It can be disposed of only by a trial, and there are but three modes of trial, viz.: 1, by jury; 2, by the court; and 3, by a referee.

It is evident that the parties meant to have a trial before a referee, and this they could have had, if they had procured the proper order for that purpose, for section 270 of the Code expressly provides that " all or any of the issues of the action, whether of fact or of law, or both, may be referred upon the

written consent of the parties." But instead of procuring an order directing the referee to hear and determine the issues, they had an order entered requiring him simply to take proof of all the material facts set forth in the pleadings and to report the same to the court with his opinion thereon. This order conferred no power to try. Though the office of a referee under the Code has been greatly varied and enlarged from that which was held under the former law and practice, and though in a number of cases — and in all by consent of parties and court — he may become vested with the jurisdiction of a judge, so that his decision in a given case is equivalent to the judgment of the court at special term, and only reviewable in the same manner, it must be remembered that, after all, he is but the creature of the statute and an order, and as such possesses no greater jurisdiction than is delegated to him by the order. Authority is conferred upon him by a special grant for the purposes of each particular case. Unless the order of reference empower him to hear and determine the issues, he has no such power. And no such authority having been conferred in this case, there was no trial of the issues. On the other hand, there has been no trial by the court, and to confirm the report and award judgment thereon on a mere motion would amount substantially to a trial of the issues by the court upon affidavits. The mistake committed herein is of such frequent occurrence that I deem it advisable to point out, somewhat in detail, the law, and the rules and practice of the court which govern references for the disposition of the issues in actions for divorce on the ground of adultery. I have already shown that section 270 of the Code gives to parties an absolute right to a reference of the issues, provided they agree in writing to that effect. Section 272 provides that the trial by referee shall be conducted in the same manner and on similar notice as a trial by the court, and that the report of the referee upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried

by the court. Now, if an action for divorce were an ordinary action at law or in equity, affecting only private interests, no order to confirm the report would be necessary, and judgment could be entered upon it without application to the court, as provided by section 272. But there is a broad distinction between actions for divorce and all other actions which may be brought for the enforcement of a mere private right. In actions for divorce the court has no inherent power to decree a dissolution of the marriage contract. Neither the common-law courts nor the court of chancery, in England, possessed it. The jurisdiction in relation to marriage and divorce was confined, until very recently, to the ecclesiactical courts; although parliament occasionally granted divorce dissolving the marriage contract for adultery. Whatever power, therefore, the court possesses, is given by statute; it can exercise no power on the subject of divorce, except what is expressly specified in the statute (*Peugnet* agt. *Phelps*, 48 *Barb.*, 566). The policy of the statute, as shown by LAMONT, J., in *Blott* agt. *Rider* (47 *How.*, 90), is founded in the broad distinction which exists between divorce causes and all other subjects of mere private litigation. Society is interested in contracts of marriage. It is an inseparable incident, in our civilization, to the status of marriage, that it cannot be dissolved at the will of the parties. It is not a contract, in the full common-law sense of the term, but a civil institution, established for great public objects. Not only the parties but the public have an interest in marriage and its dissolution; and growing out of this two-fold relation we have the doctrine running through all the matrimonial suits and bringing into subserviency all other laws on the subject, that the proceeding, though upon its face a controversy between the parties of record only, is, in fact, a triangular suit *sui generis*, the government or public occupying the position of a third party without counsel, it being the duty of the court to protect its interests. From these principles it follows that no decree of nullity, or of divorce

Sullivan agt. Sullivan.

from bed and board or from the bonds of matrimony, can be entered by the court upon the mere consent of the parties of record, because they cannot bind the public.  There must be a complaint in due form for a cause authorized by law, sustained by due proof.  A default does not, as in other suits, supersede the necessity of proof, or lighten the burden of the plaintiff in establishing the allegations.  In recognition of these principles the statute prescribes the cases in which the court may decree a divorce and dissolve the marriage for adultery, but, at the same time, leaves it in every case to the discretion of the court to do so.  And though the fact of adultery be clearly proven, the court is specifically authorized to deny a divorce in the following cases: 1. Where the offense shall appear to have been committed by the procurement or with the connivance of the complainant.  2. Where the offense charged shall have been forgiven by the injured party, and such forgiveness be proved by express proof or by the voluntary cohabitation of the parties, with the knowledge of the fact.  3. Where there shall have been no express forgiveness and no voluntary cohabitation of the parties, but the suit shall not have been brought within five years after the discovery by the complainant of the offense charged. 4. Where it shall be proved that the complainant has also been guilty of adultery, under such circumstances as would have entitled the defendant, if innocent, to a divorce.  Here, then, is the court as the official guardian of the public interests, with a duty pointed out by statute.  The Code has neither enlarged nor diminished the jurisdiction which the court previously possessed (*sec.* 10), and section 469 expressly saves the old rules and practice of the courts, so far as they are not inconsistent with the provisions of the act, subject to the power of the respective courts to relax, modify or alter the same.  In pursuance of the powers thus conferred, and of the requirements of another statute directing the enactment of rules of practice, the judges of the courts of record in this state, in convention assembled, established, among other rules, certain rules for the regulation of the practice in divorce

cases (23, 24, 87 to 92). These rules, among other things not
necessary to be mentioned, provide against judgments by
default, for full and detailed proof of the service of the
summons and complaint, for the insertion in the complaint
of the proper allegations negativing the existence of the
causes, for any one of which the court is specifically author-
ized by the statute to withhold a decree, notwithstanding the
fact of defendant's adultery and the examination of the com-
plainant with reference to them, and for the ascertainment
of all the material facts constituting the offense charged.
They also provide that in no case shall a reference be ordered
to a referee nominated by either party, nor to a referee agreed
upon by the parties, nor without proof by affidavit, con-
formably to Rules 23 and 24, of the service of the
summons and complaint, and that notice of appearance
and retainer shall not be sufficient. And it may be well to
point out here that the power to appoint a referee in this
class of cases, notwithstanding all the parties in the action
objected to him, is expressly conferred upon the court by sec-
tion 273 of the Code. Finally, the ninety-second rule pro-
vides that no judgment in an action for divorce shall be
entered, except upon the special direction of the court. These
rules, says LAMONT, J., in *Blott* agt. *Rider*, above referred to,
are tantamount to a declaration by all the judges that the
course so directed is necessary to prevent a failure of justice.
Although, therefore, the issues in an action for divorce may
be tried pursuant to sections 270, 272 and 273 of the Code,
by a referee appointed by the court for that purpose, his
report is not sufficient authority for an entry of judgment
thereon by the clerk. The report, containing the findings of
fact and conclusions of law of the referee, must be brought
before the court, together with the evidence (*Blott* agt. *Rider*,
47 *How.*, 90). But, on the other hand, the ninety-second
rule does not change the requirements of the Code, that the
references of the issues shall be for the purpose of hearing
and determining the same, and that the trial before the referee
shall be conducted in the same manner as a trial by the court.

Sullivan agt. Sullivan.

The rule cannot abrogate the statute, nor was it ever intended that it should have that effect, the granting of a decree of divorce being discretionary with the court. The court, under the ninety-second rule, simply exercises a supervisory power over trials by referees, as a part of the system inaugurated by the Constitution of 1846. The former practice in equity suits, by which evidence was taken before an examiner, and not in the presence of the tribunal deciding the issues, was done away with (*Const. of* 1846, *art.* 6, *sec.* 10), and it is only in cases where no issue has been joined, or where some interlocutory question is involved, that a reference to take and report evidence is now allowable (*Code, secs.* 246, 271). Moreover, in the following cases it was expressly decided that a reference in an action for divorce, after issue joined, to take the evidence and report the same, is irregular, though both parties appeared before the referee (*Diddell* agt. *Diddell*, 3 *Abb.*, 170; *Merrill* agt. *Merrill*, 11 *Abb.* [*N. S.*], 74; *Waterman* agt. *Waterman*, 37 *How.*, 36). In *Bihin* agt. *Bihin* (17 *Abb.*, 19), which was an action for a limited divorce, and had been referred to a referee to hear and determine the same, the general term of the supreme court of the second district went even so far as to hold, that in such a case judgment can be entered upon the report of the referee without any application to the court. But in that case the court clearly overlooked the rule. There is but one way that I can see in which evidence erroneously taken after issue by a referee, pursuant to an order to that effect, can be used in an action for divorce, and that is, that by consent of parties it may be read upon a subsequent trial had before the court, and brought on on regular notice and in the usual way. In such case it may be treated as, and it will have the force of, a conditional examination of witnesses before trial. But this course must be agreed to by the parties, and thereupon the court must try the issues and make its own findings of fact, and draw its own conclusions of law therefrom. As the case stands at present, I have no alternative but to deny plaintiff's motion for confirmation of the report, and for judgment thereon.