(34 Misc. Rep. 267.)

## SILVEIRA v. SILVEIRA.

(Supreme Court, Special Term, New York County.   March, 1901.)

: MARRIAGE—ANNULMENT.

> Under Code Civ. Proc. §§ 1743, 1744, providing that an action may be maintained by a woman to annul a marriage where plaintiff had not arrived at 16 years at the time of the marriage, and where it was not followed by consummation, nor ratified after plaintiff attained the age of 16 years, but not where the parties have, any time after they attained that age, lived together as husband and wife, where an infant marries at 15 years, and never thereafter cohabits with her husband, she is entitled to have her marriage annulled.

Action by Margaret C. Silveira against George H. Silveira to annul a marriage.   Judgment for plaintiff.

B. G. Oppenheim, for plaintiff.

GILDERSLEEVE, J.   This is an action for the annulment of a marriage contract.   The facts appear to be substantially as follows, viz.:   The plaintiff, Margaret C. Silveira, was born on or about the 12th day of July, 1876, and was married to the defendant, George H. Silveira, on or about the 18th day of September, 1891, when she was 15 years 2 months and 6 days old.   She at that time was living with her father and stepmother in New Jersey, and was married in Brooklyn.   It does not appear whether or not her parents consented to the marriage, but she swears she has never lived or cohabited with the defendant from the day of her marriage to the present time.   On or about the 22d day of October, 1900, the plaintiff commenced this action for the annulment of this marriage.   The defendant has defaulted in the action.   The proof of service of the summons and complaint is an affidavit of a clerk in the office of Mr. B. G. Oppenheim, the plaintiff's attorney, who swears that he became acquainted with the defendant at the office of plaintiff's attorney, where he first met the defendant.   The clerk is put on the stand at the trial, and merely testifies that he served the summons and complaint on the defendant, and that defendant is in default.   While, perhaps, there may have been a technical compliance with the requirements of rule 18 of the general rules of practice, still I think it would have been more satisfactory if the witness had stated more in detail his acquaintance with the defendant, and his knowledge that the person served was the defendant.   So far as the merits of the case are concerned, the court is without authority to declare the marriage void unless the facts come within the provisions of the statute.   See Peugnet v. Phelps, 48 Barb. 566.   Section 1742 of the Code reads as follows, viz.:

> "An action may be maintained by the woman to procure a judgment declaring a marriage contract void, and annulling the marriage, under the following circumstances:   (1) Where the plaintiff had not attained the age of sixteen years, at the time of the marriage.   (2) Where the marriage took place without the consent of her father, mother, guardian or other person having the legal charge of her person.   (3) Where it was not followed by consummation or cohabitation, and was not ratified by any mutual assent of the parties after the plaintiff attained the age of sixteen years."

In the case at bar there is nothing to show that the marriage took place without the consent of her parents, or that it was not ratified

by any mutual assent of the parties after the plaintiff had attained the age of 16 years. Section 1743 of the Code provides that:

"An action may also be maintained to procure a judgment, declaring a marriage contract void and annulling the marriage for either of the following causes, existing at the time of the marriage: (1) That one or both of the parties had not attained the age of legal consent," etc.

This section must be taken in connection with the following one (i. e. section 1744), which reads thus:

"But a marriage shall not be annulled, at the suit of a party who was of the age of legal consent when it was contracted, or where it appears that the parties, for any time after they attained that age, freely cohabited as husband and wife."

The testimony in the case at bar, as we have seen, shows that the plaintiff was under 16 years of age at the time of the marriage, and that she has never cohabited with the defendant. The age of legal consent, under the common law, for a female, for the purposes of marriage was the age of 12 years. See Moot v. Moot, 37 Hun, 291. At the time the marriage in question took place, it was fixed at 16 years of age by a statute of 1887, which reads thus:

. "The age of legal consent for contracting marriage shall be eighteen years in the case of males and sixteen years in the case of females."

See Laws 1887, c. 24.

Since then it has been raised to 18 years for females as well as males. See Laws 1896, c. 272. The last-named statute reads thus:

"A marriage is void, from the time its nullity is declared by a court of competent jurisdiction, if either party thereto: Is under the age of legal consent, which is eighteen years."

It would, therefore, seem that the case at bar comes within the provisions of section 1743 of the Code, and that the plaintiff is entitled to judgment. I think, however, that the person who served the summons and complaint on the defendant should hand up an affidavit stating in detail the circumstances of the service, and how he made the acquaintance of the defendant, and his knowledge as to the identity of the person served.

Judgment for plaintiff.