JULIA A. WILCOX *v.* JESSE T. WILCOX

(No. 7688)

Submitted September 20, 1933.   Decided October 3, 1933.

*Homer Strosnider,* for appellant.
*J. E. Law,* for appellee.

KENNA, JUDGE:

Julia A. Wilcox brought suit for divorce in the circuit

court of Harrison County against her husband, Jesse T. Wilcox. The bill of complaint was filed at April Rules, 1933, and pursuant to notice, both the parties appeared before the judge of the circuit court of Harrison County on May 6, 1933, at which time the defendant filed his answer and the plaintiff filed her exceptions and replication thereto. Thereupon, on May 9, 1933, the court proceeded to allow to the plaintiff suit money and counsel fees and to deny her motion for temporary alimony. The court, however, further decreed to the plaintiff the possession and control of a certain farm of 85 acres, owned by the defendant, upon which, the order recites, she had been living for several years past, and proceeded to enjoin the defendant from interfering with her possession and control thereof. On June 7, 1933, the defendant appeared by counsel and filed his petition praying for a modification of the order and injunction entered on May 9, 1933, so that he could take possession of a part of the farm that he alleges he had theretofore been in possession of, for the reasons assigned in the petition. The petition alleges that the petitioner has made improvements by way of plowing and planting of gardens upon the farm which, together with the amount expended for seed, totals $100.00 and that there is certain personal property belonging to his son, Dale K. Wilcox, located thereon by his permission; that he is very poor and has no method of supporting himself except by the use of that part of the farm that he had theretofore occupied, and that his occupancy of that part of the farm will in no manner interfere with the full enjoyment of that part that the plaintiff is accustomed to occupy.

A large number of *ex parte* affidavits were taken and filed by both sides and appear to have been considered by the court according to the order that was entered, which recites that the cause came on and was considered by the court upon the affidavits and upon the testimony of the defendant himself taken in open court. This testimony does not appear in the record before us, although the affidavits are here. Upon this showing, the court declined to modify the former order, and the defendant applied for and obtained this appeal, assigning as error the provision of the order of May 9, 1933, which gives plaintiff possession and enjoyment of the whole

farm as well as the entry of the later order of June 7, 1933, denying the prayer of his petition asking that possession and enjoyment of a part of the farm be decreed to him.

Jurisdiction to hear and determine divorce proceedings in courts of equity is purely statutory. In England, it lay with the ecclesiastical courts until by the English statute of Matrimonial Causes Act, 1857, 21 & 22 Vict., ch. 85, that jurisdiction was vested in the court of Probate and Divorce. In America, early statutes have conferred the jurisdiction upon the courts of chancery. *Burtis* v. *Burtis,* (N. Y.) 1 Hopkins Ch. 557, 14 Am. Dec. 563; *Peugnet* v. *Phelps,* (N. Y.) 48 Barb. 566; *Bacon* v. *Bacon,* 43 Wis. 197. Since, therefore, the jurisdiction is statutory, we are required to look to our present statute to determine what the powers of the court in divorce proceedings are. Section 13 of article 2 of chapter 48 of the Code defines these powers *pendente lite,* and section 15 of the same article and chapter gives the powers of the court upon the entry of a final decree. The salient part of the statute covering the powers of the court *pendente lite* specifies that after notice, the court may ''make any order that may be proper to compel the man to pay any sum necessary for the maintenance of the woman, and to enable her to carry on or defend the suit in the trial court and on appeal should there be one takén, or to prevent him from imposing any restraint on her personal liberty, or to provide for the custody and maintenance of the minor children of the parties, during the pendency of the suit, or to preserve the estate of the man, so that it may be forthcoming to meet any decree which may be made in the suit, or to compel him to give security to abide by such decree, or to compel the man to deliver to the woman any of her separate estate which may be in his possession or control, or to prevent him from interfering with her separate estate.'' A careful reading of the section defining these powers of the court would make it appear doubtful whether the circuit court has power to do other than to enter a money decree for the maintenance of the woman and to compel the man to give security therefor. The other powers conferred upon the court relate to the protection of the woman's personal liberty, the custody and maintenance of minor children, preservation of the estate of the man to meet

a later decree, and the control of the man over the woman's separate estate. Without deciding the foregoing question, which is not necessary in this case, it, nevertheless, seems manifest from a reading of the statute that whatever the court may undertake to do concerning the property of the man on an application for temporary alimony must be done with reference to, and with the purpose of providing for, the woman's maintenance during the pendency of the suit. Here; according to the order, the court has expressly declined to award temporary alimony. The order then proceeds to award to the woman the possession and enjoyment of the entire farm. It is not made to appear whether the court so ordered with a view to the maintenance of the woman during the suit, or merely for the purpose of preserving what the court may have conceived to be the *status quo*. The court had already expressly declined to award temporary alimony to the woman. We are of opinion that the order of May 9, 1933, and, consequently, the order of June 7, 1933, are both erroneous in that it nowhere appears that the court was dealing with the custody of the farm and its enjoyment with a view to the maintenance of the woman during the pendency of the suit or to preserve the estate of the man. It not appearing that the order of the court with reference to the possession and enjoyment of the farm was either in support of, or in lieu of, a money decree for temporary alimony, the court has gone further than is justified under the statute. For this reason, both of the aforesaid orders are set aside and the cause remanded for further proceedings.

*Reversed and remanded.*