# ALONZO BARNEY v. SARAH ANNA CUNESS.

## October Term, 1895.

*Massachusetts marriage may be decreed null in this state.*

The petitioner being domiciled in this state and having been so domiciled at the time of the pretended marriage, the court, under R. L., s. 2347, has jurisdiction to decree the nullity of a marriage solemnized in the state of Massachusetts, upon the ground that the petitioner then had a husband living.

Petition to annul a marriage.　Heard at the June term, 1895, Caledonia county, START, J., presiding.　The court dismissed the petition as matter of law.　The petitioner excepts.

The trial court found as matter of fact that at the time the marriage was celebrated in Massachusetts the laws of that state prohibited marriages between parties either of whom had a husband or wife then living.

*W. P. Stafford* for the petitioner.

The Vermont court has jurisdiction to decree the nullity of a marriage celebrated without the state.　*Barnes v. Wyethe*, 28 Vt. 41 ; *Ryder v. Ryder*, 66 Vt. 158 ; 2 Bish. Mar. & Div., ss. 39, 67, 73.

TYLER, J. The petition alleges that the parties were married in due form of law at Northampton, in the state of Massachusetts, on April 6, 1893 ; that the petitioner was then

single and competent to enter into the marriage contract; that he entered into the contract upon the petitionee's assurance and his belief based upon that assurance that she was also single and competent; that the parties lived together as husband and wife, in this state, from the time of the marriage until the next November, when the petitioner discovered that the petitionee was, on April 6th, the lawful wife of another man who was still living; that upon this discovery the petitioner ceased to treat the petitionee as his wife, but separated from her; that no child was born of the marriage; that the petitioner had been a resident of this state for twenty-two years. It is further alleged that the petitionee intentionally deceived the petitioner as to the fact of her former marriage. The truth of these allegations was established to the satisfaction of the court below, which held that the case fell within the provisions of R. L., 2346, which is :

"Marriages prohibited by law on account of consanguinity or affinity between the parties or on account of either of them having a former wife or husband living, shall, if solemnized within the state, be void without a decree of divorce or other legal process."

The only question is whether this court has jurisdiction, the marriage having been solemnized in another state. We think the words, "if solemnized within the state," are employed to prescribe the conditions upon which marriages may be treated as void without a decree. Certain marriages are declared void without the decree of a court.

Section 2347 provides that when a marriage is supposed to be void or its validity is doubted for the causes mentioned in the preceding section, that is, on account of consanguinity or affinity between the parties, or on account of either of them having a former wife or husband living, either party may file a libel and the marriage shall, upon proof, be declared void by a decree or sentence of nullity.

The words "if solemnized within the state" do not relate

to the *causes*, but they fix the *condition* upon which the marriage may be treated as void.

Without words clearly indicating that the intention of the legislature was to the contrary, it cannot be assumed that it intended to restrict its jurisdiction to marriages that were solemnized in this state.

"A suit to declare a marriage void from the beginning concerns the marriage status precisely like one to break the marriage bond for a post nuptial *delictum*. Therefore, it may and should be carried on in the courts of the domicile." Bishop on Mar., Div. and Sep. s. 73.

*Judgment reversed and the marriage declared null and void.*