(58 App. Div. 374.)

BECKER v. BECKER.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

MARRIAGE—ANNULMENT—NONRESIDENTS—SERVICE BY PUBLICATION—JURISDICTION—STATUTE.

    Code Civ. Proc. § 1743, provides that an action may be maintained to annul a marriage where one or both of the parties had not attained the age of legal consent at the time of the marriage, but makes no reference to the residence of the parties; while sections 1756, 1762, authorizing divorce and legal separation, make residence in the state of one or both of the parties a prerequisite to the maintenance of the action. Section 438 authorizes an order directing service of summons on a defendant by publication, or personally outside of the state, where the complaint demands a judgment annulling a marriage. Held, that the court acquired jurisdiction of a defendant in a suit to annul a marriage, contracted in New York by nonresident parties, by an order directing service on the defendant by publication or personally without the state.

Appeal from special term, New York county.

Action by Casper Becker against Rosa Becker. From an order vacating an order directing the service of a summons by publication or personally without the state, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry G. Ward, for appellant.
Francis L. Minton, for respondent.

McLAUGHLIN, J.   This action is brought by the father of an infant husband against the wife to annul a marriage.   The complaint alleges that the plaintiff resides in the state of Pennsylvania, and that he is the father of John Bernhard Becker, who also resides with him in said state; that on the 25th of September, 1900, the said John Bernhard Becker, without the knowledge ·or consent of his parents, ·and Rosa Gutman, the defendant, who also resides in the state of Pennsylvania, intermarried in the state of New York; that at the time of the marriage the said John Bernhard Becker was under the ·age of 18 years; and that he has not cohabited with the defendant since the day of the marriage.   The judgment demanded is that the marriage be annulled and declared void.   Upon the complaint and ·certain affidavits, an order was made directing that the summons be served upon the defendant by publication, or, at the option of the plaintiff, personally, without the state.   Upon the defendant's motion, this order was vacated, and the plaintiff has appealed.

The question presented is whether the court could acquire jurisdiction of the defendant by directing the service of the summons by publication or personally without the state, and the answer to it depends upon whether or not power has by statute been given to the supreme court to acquire, in an action to annul a marriage, jurisdiction in this way.   The court has no inherent power to declare a marriage contract void.   Whatever power it has in this respect is that conferred upon it by statute.   Peugnet v. Phelps, 48 Barb. 566.   The marriage was, by statute, a voidable one; the husband not being at the time it was contracted 18 years of age.   Domestic Relations Law, § 4, subd. 1.   Actions to annul a void or voidable marriage may be brought only as provided in the Code of Civil Procedure.   Id. subd. 5.   Turning to that, it will be found that chapter 15, tit. 1, ·art. 1, §§ 1742–1755, provide when an action may be maintained to annul a void or voidable marriage; and article 2 of the same title (sections 1756–1761), when an action may be maintained to procure a judgment dissolving the marriage by reason of the adultery of the defendant; and article 3, §§ 1762–1767, when an action may be maintained to procure a judgment of separation.   Thus section 1743 provides that an action may be maintained to procure a judgment declaring a marriage contract void, and annulling the same, for certain causes existing at the time of the marriage, one of which is "that one or both of the parties had not attained the age of legal consent," which is 18 years.   Domestic Relations Law, § 4, subd. 1. And, where one or both of the parties had at the time of the marriage not attained the age of legal consent, the Code further provides (section 1744) that then the action may be brought by either parent of the infant, or by the guardian of the infant's person, or the court may allow the action to be maintained by any person as the next friend of the infant.   And section 1756 provides that an action may be maintained by the husband or wife to procure a judgment dissolving the marriage contract by reason of the defendant's adultery

when both parties were residents of the state when the offense was committed; or where the plaintiff was a resident of the state when the offense was committed, and is a resident thereof when the action is commenced; or where the offense was committed within the state, and the injured party, when the action is commenced, is a resident of the state; or where the parties were married within the state. Section 1762 provides that an action may be maintained by either of the parties to a marriage contract for a judgment separating them from bed and board, when both are residents of the state when the action is commenced; or where the parties were married within the state, and the plaintiff is a resident thereof when the action is commenced; or where they were married without the state, have become residents of the state, and have continued to be residents thereof at least one year; and the plaintiff is such a resident when the action is commenced.

It will be observed that, in actions for a divorce (except in the one instance where the marriage was performed within the state) and for separation, the right to maintain the action depends upon the residence in the state of one or both of the parties to the action. But, in actions to annul a marriage, no reference whatever is made to the residence of either of the parties to the action. It seems to us, therefore, inasmuch as no reference is made to residence in actions to annul a marriage, while residence within the state of at least one of the parties is required in actions for divorce (except in the one instance specified) and for separation, that the legislature, in a carefully prepared and elaborated scheme of matrimonial action, intended, in actions to annul a marriage contracted within the state, to confer jurisdiction upon the courts to adjudicate as to the validity of the contract, irrespective of the residence of the parties. And our view in this respect is supported when the sections of the Code relating to the annulment of a marriage are considered in connection with section 438, which provides, among other things, that an order directing service of a summons upon a defendant by publication or personally without the state may be made where the complaint demands judgment annulling the marriage. Many authorities are called to our attention in which the courts of this state have refused to recognize a decree, granted by the courts of other states, dissolving a marriage where the defendant was not personally served with the summons or did not appear in the action; but these authorities throw no light upon the subject under discussion, nor is there any force in the suggestion that this decree would not be binding in other states. The question is whether the court has been given the power to acquire jurisdiction of a defendant in the manner here sought, so that whatever decree may be rendered in the action will be effective and binding in this state. Scragg v. Scragg (Sup.) 18 N. Y. Supp. 487. We think it has, and for that reason the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.