[S. F. No. 2097.   Department Two.—July 11, 1902.]

## CHARLES A. LINEBAUGH, Respondent, v. LILIAN N. LINEBAUGH, Appellant.

ANNULMENT OF MARRIAGE—CONSTRUCTION OF CODE—EXISTING STATUS—VOIDABILITY.—Section 82 of the Civil Code, providing that a marriage may be annulled for certain causes specified therein, including a marriage induced by force, unless the party forced has "freely cohabited with the other," not only assumes that a marriage ceremony has been performed, but also that the marriage relation, or *status*, exists between the parties, and contemplates that it is not absolutely void, but only voidable at the instance of the aggrieved party, who may have it annulled by decree of the court.

ID.—CONSENT OBTAINED BY FORCE—PLEADING—CONTINUANCE OF MARRIAGE RELATION.—A complaint to annul a marriage on the ground that the consent of the plaintiff thereto was obtained by force, which negatives any free cohabitation with the defendant, is not rendered defective because averring that the parties were married on a specified date, and "ever since then have been, and now are, husband and wife."

APPEAL from a judgment of the Superior Court of Sonoma County. Albert G. Burnett, Judge.

The complaint alleges that immediately after the marriage was procured by duress and force, in the manner specified therein, plaintiff left the room where the marriage ceremony was performed, "and since that time has not seen or cohabited with said defendant." Further facts are stated in the opinion.

T. J. Butts, for Appellant.

J. R. Leppo, for Respondent.

McFARLAND, J.—This is an action brought by plaintiff for a judgment annulling a marriage between him and defendant, upon the ground that his consent to the marriage was obtained by duress, threats, intimidation, etc., the facts as to the alleged duress, etc., being specifically set forth in the complaint. Judgment was rendered in the court below annulling the marriage, and defendant appeals from the judgment. There is no bill of exceptions or statement; none

of the evidence is brought up here in any form; and the only point made by appellant is, that the complaint does not state a cause of action.

The complaint was filed January 27, 1899, and it is averred therein: "That on the twenty-third day of January, 1899, the said plaintiff and defendant were married at the city of Santa Rosa, county of Sonoma, state of California, and ever since then have been, and now are, husband and wife;" and the contention of appellant is, that as by this language of the complaint plaintiff acknowledges and asserts a continuous *status* of marriage for four days, he has thus alleged a marriage that cannot be "annulled," but must continue until dissolved by the death of one of the parties, or by a decree of divorce, under section 90 of the Civil Code. There is in the briefs of appellant a good deal of rather elaborately constructed logic indulged in, founded upon an asserted distinction between "marriage" and "*a* marriage." The contention seems to be that "a marriage" means only a marriage ceremony,—"the gateway through which the parties enter the married state." Therefore, it is contended that the provision in section 82 of the Civil Code, that "a marriage" may be annulled for certain causes, means only that for one of those causes a marriage ceremony may be annulled, but that if a plaintiff admits the existence of "marriage" without the "a," he cannot invoke the remedy provided by that section. We see no such distinction in the code. "Marriage" means, generally, a certain existing relation or *status,* and "a marriage" can mean nothing more than this same *status* as existing between two particular persons. Section 82 assumes that the married relation exists between the parties to the action, and that this relation may be annulled when the consent of either party was obtained by force, "unless such party afterwards freely cohabited with the other as husband or wife." It clearly contemplates that such marriage is not absolutely void, but only voidable at the instance of the aggrieved party, who may have it annulled by a decree of court. The section would be idle and vain if it proposed merely to annul a nullity.

The judgment is affirmed.

Henshaw, J., and Temple, J., concurred.