Rose G. Berlinsky, Respondent, *v.* Garfield A. Berlinsky, Appellant.

First Department, March 2, 1923.

Husband and wife — annulment of marriage on ground of fraud — parties were married in Maryland and domiciled there at time of separation — plaintiff was resident of this State and defendant was resident of Maryland when action commenced — jurisdiction of defendant not acquired by service of summons by publication — service of summons by publication set aside and complaint dismissed.

In an action by a wife to annul her marriage on the ground of fraud, service of a summons by publication should be set aside, where it appears that the parties were married in Maryland; that at the time of the separation, following her discovery of the alleged fraud, the parties were domiciled in Maryland, and that at the time of the commencement of the action the plaintiff was a resident of the State of New York and the defendant a resident of the State of Maryland.

The facts disclosed by the moving affidavits did not justify the conclusion of the justice at Special Term that the domicile of the parties was within this State at the time of the alleged separation, and that they were domiciled here at the time of the commencement of the action, but on the contrary, the facts show that if the parties were ever domiciled within the State of New York, they lost such domicile prior to their separation, and that at the time of such separation they were both domiciled in the State of Maryland.

Assuming, however, that the plaintiff at the time of the attempted service of the summons herein upon the defendant by publication was a domiciled resident of this State, the court acquired no jurisdiction of the defendant, for, there being no statutory provision with reference to the jurisdictional requirements, our courts cannot obtain jurisdiction in annulment actions except through the personal service of the summons upon the defendant within this State or by his voluntary appearance.

Accordingly, the order of publication and the substituted service of the summons upon the defendant pursuant thereto conferred no jurisdiction whatever upon the court, and the service of the summons should be set aside and the complaint dismissed.

Appeal by the defendant, Garfield A. Berlinsky, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of August, 1922, denying his motion to vacate an order for the service of a summons upon him by publication, and to dismiss the complaint on the ground that the court had no jurisdiction over his person, and also from an order entered in said clerk's office on the 24th day of October, 1922, denying his motion for a reargument of said motion.

*Jonas & Neuburger* [*A. Maurice Levine* of counsel; *Louis S. Posner* with him on the brief], for the appellant.

*Feiner & Maass* [*Eli S. Wolbarst* of counsel; *Benjamin F. Feiner* and *Ira Skutch* with him on the brief], for the respondent.

MERRELL, J.:

The action is brought by the plaintiff, Rose G. Berlinsky, against the defendant, Garfield A. Berlinsky, to obtain a decree annulling the marriage of the parties by reason of alleged misrepresentation and fraud perpetrated by the defendant upon the plaintiff as the result of which the plaintiff was induced to marry the defendant. The parties were married at the city of Baltimore, in the State of Maryland, in June, 1915. The plaintiff alleges in her complaint that her consent to such marriage was obtained by fraud and that the defendant, for the purpose of obtaining such consent, fraudulently represented to the plaintiff prior to said marriage that there had not been and was not insanity or evidences of or a predisposition to insanity among the members of the defendant's family and in the defendant himself; that the plaintiff relied upon and believed said representations to be true, and was induced solely thereby to consent to said marriage; and that the plaintiff entered into said marriage relying upon said representations which she thereafter and on or about June 28, 1919, in the borough of Manhattan, city, county and State of New York, where the plaintiff alleges the parties then resided, discovered to be wholly untrue. The plaintiff alleges that the defendant at the time of making such representations knew them to be false and untrue and made them with intent to deceive and defraud the plaintiff; that the plaintiff and defendant have not at any time before the commencement of this action, with a full knowledge of the facts constituting such fraud, voluntarily cohabited as husband and wife.

At the time of the commencement of the action the plaintiff resided in the city, county and State of New York and the defendant was a resident of the city of Baltimore, in the State of Maryland. Upon the complaint and an additional affidavit, verified May 25, 1922, the plaintiff applied to and obtained from a justice of the Supreme Court of the State of New York an order for substituted service of the summons herein by publication and mailing. The defendant moved to vacate said order for the service of the summons upon him by publication, and that the complaint be dismissed on the ground that the court had no jurisdiction over the person of the defendant, and said motion was denied. Subsequently the defendant moved for a reargument of his said motion, which application was also denied, and the defendant has appealed to this court from both orders.

We are of the opinion that the courts of this State, through such service of the summons by publication, did not acquire jurisdiction of the defendant, and that the defendant's motion to vacate said

order of publication should have been granted. The learned justice who presided at the Special Term at which defendant's motion to vacate was denied, we think misapprehended the facts as disclosed by the moving papers. In the opinion of the learned justice at Special Term he states that "It sufficiently appears that the domicile of the parties was in this State in June, 1919, at which time it is alleged that the parties separated," and that "the courts of this State have jurisdiction because it is the State of the plaintiff's residence and the domicile of the parties." We think the learned court was in error in such assumption, and that the papers on appeal disclose that if the parties were ever domiciled within the State of New York they lost such domicile prior to their separation, and that at the time of such separation they were both domiciled in the State of Maryland.

The facts as disclosed by the affidavits are as follows: The parties were married at Baltimore, in the State of Maryland, in June, 1915; at that time the defendant was a resident of the State of Colorado, and following said marriage the parties went to the last-mentioned State and resided for nearly a year in Denver, in the State of Colorado; they then returned to the city of Baltimore, in the State of Maryland, where the parents of the plaintiff then resided and still reside, and remained in Baltimore for several months; in the summer of 1916 the parties were engaged in the city of New York for some months in making a study of the social conditions for the United Hebrew Charities; in the fall of 1916 they went to reside in the city of Montreal, Can., where they remained residents of said last-mentioned city until early in 1919; in January or February, 1919, the parties returned to the city of New York, occupying furnished rooms at several different addresses in said city until the month of June of that year, at which time the plaintiff alleges they determined to take up a permanent residence in New York, and the defendant leased an apartment for one year. A few days later and in the latter part of June the plaintiff alleges the defendant manifested symptoms of insanity, and early in July he was taken by the plaintiff and a sister of the defendant to Johns Hopkins Hospital at Baltimore, Md., for treatment. The plaintiff claims that immediately upon discovering defendant's tendency to insanity she ceased to live and cohabit with him as his wife, although she remained an inmate of his household until he was taken to Baltimore for treatment at the Johns Hopkins Hospital. The plaintiff, in her affidavit, states that under the advice of his attending physician she did not disclose to the defendant her intention of not longer living with him as his wife, and that she remained in the city of Baltimore during the summer

and fall of 1919, visiting the defendant in the hospital three or four times each week; that in the latter part of October, 1919, the plaintiff for the first time informed the defendant that she would no longer live or cohabit with him as his wife. It appears from the papers that after the defendant was taken to the Johns Hopkins Hospital the lease which he had taken of the New York apartment was surrendered and canceled. The plaintiff asserts that it was never her intention to relinquish her domicile in New York city, and that on or about November 1, 1919, she returned to New York city, where she has since resided, and established herself as a professional teacher of music.

We think the affidavits conclusively show that the separation of the parties did not, in fact, occur in the city of New York in June, 1919, as claimed by the plaintiff, and that such separation did not occur until the latter part of October, 1919, and that at that time neither of the parties was domiciled in the State of New York.

Assuming that the plaintiff at the time of the attempted service of the summons herein upon the defendant was a domiciled resident of the State of New York, we think that by such substituted service the courts of this State acquired no jurisdiction of the defendant. The learned justice presiding at the Special Term which denied defendant's motion to vacate, relied upon the case of *Becker* v. *Becker* (58 App. Div. 374). From an examination of that case we do not think it an authority in support of the order appealed from. The decision in *Becker* v. *Becker* was predicated upon the fact that the parties in that case were married within the State of New York. Throughout the opinion in that case that circumstance is particularly emphasized, the statements with reference thereto being italicized. Without discussing the soundness of that decision, we think, inasmuch as it was expressly based upon the fact that the marriage was contracted within the State of New York, it is clearly distinguishable from the case at bar where the parties were married without the State.

The power of the court to declare a marriage void is now controlled by statute, and in the absence of some statutory authority no such power exists. (*Peugnet* v. *Phelps*, 48 Barb. 566; *Stokes* v. *Stokes*, 198 N. Y. 301; *Walter* v. *Walter*, 217 id. 439; *Di Lorenzo* v. *Di Lorenzo*, 174 id. 467.)

An action for annulment of marriage is unquestionably *in personam*. The statutory provisions relative to such actions are now contained in sections 1132–1146, inclusive, of the Civil Practice Act. By section 1139 of said act an action to annul a marriage on the ground that the consent of one of the parties thereto was obtained by force, duress or fraud is authorized at any

time by the party whose consent was so obtained. The Civil Practice Act contains no provision relative to jurisdiction in such an action. In actions for divorce and for separation express provision is made by statute with reference to the jurisdictional requirements for the maintenance of such actions. Thus, by section 1166 of the Civil Practice Act, relating to matrimonial actions generally, it is provided: " If a married woman dwells within the State when she commences an action against her husband for divorce or separation, she is deemed a resident thereof, although her husband resides elsewhere."

And relative to actions for a divorce, section 1147 of the Civil Practice Act provides that

" In either of the following cases, a husband or a wife may maintain an action against the other party to the marriage to procure a judgment divorcing the parties and dissolving the marriage by reason of the defendant's adultery:

" 1. Where both parties were residents of the State when the offence was committed.

" 2. Where the parties were married within this State.

" 3. Where the plaintiff was a resident of the State when the offence was committed and is a resident thereof when the action is commenced.

" 4. Where the offence was committed within the State and the injured party when the action is commenced is a resident of the State."

And in separation actions, section 1162 of the Civil Practice Act provides that

" Such an action may be maintained in either of the following cases:

" 1. Where both parties are residents of the State when the action is commenced.

" 2. Where the parties were married within the State and the plaintiff is a resident thereof when the action is commenced.

" 3. Where the parties, having been married without the State, have become residents of the State, and have continued to be residents thereof at least one year; and the plaintiff is such a resident when the action is commenced."

The Civil Practice Act is thus specific as to actions for a divorce and for a separation, but is entirely silent concerning the jurisdictional requirements in actions for annulment. It seems to me that in the absence of statutory provision with reference thereto our courts cannot obtain jurisdiction in annulment actions except through the personal service of the summons upon the defendant within the State or by his voluntary appearance. The action

being *in personam*, judgment should not be granted which would affect the personal status of a non-resident except upon personal service of process within the State or unless the defendant has voluntarily appeared in the action, thus submitting himself to the jurisdiction of the court. The law is well settled that the courts of this State are powerless to adjudge the status of parties who are residents of other States. (*Gray* v. *Gray*, 143 N. Y. 354.) We are of the opinion that the order of publication herein and the substituted service of the summons upon the defendant pursuant thereto conferred no jurisdiction whatever upon the New York court and that, therefore, the defendant was entitled to an order to vacate said service and to dismiss the complaint.

The order appealed from should be reversed, and defendant's motion granted.

CLARKE, P. J., DOWLING, PAGE and FINCH, JJ., concur.

Order denying motion to vacate service of summons by publication reversed and motion granted. Appeal from order denying motion for reargument dismissed.