Rockingham,  
Dec. 1, 1931.

ALBERT P. TURNER *v.* HELEN E. TURNER.

*Samuel W. Emery*, for the petitioner.

ALLEN, J. Jurisdiction is wanting. In adoption of common-law principles courts of equity require the residence, if not the domicile, of at least one of the parties for the maintenance of an annulment suit. *Avakian* v. *Avakian*, 69 N. J. Eq. 89; *Rinaldi* v. *Rinaldi*, 94 N. J. Eq.

14; *Barney* v. *Cuness*, 68 Vt. 51; *Antoine* v. *Antoine*, 132 Miss. 442. No statute has been here enacted to make the requirement unnecessary. If the legislation limiting jurisdiction in divorce libels (P. L., c. 287, *ss.* 3-5) is applicable to annulment suits, it limits rather than enlarges the scope of the equity rule.

The marriage was local, but that fact is of no avail. It is not where a transaction takes place that gives jurisdiction to determine its civil character, but where the parties to it are, or in some cases where their property is, makes the decisive test.

*Petition dismissed.*

All concurred.