Hillsborough, |
May 3, 1938. |

WALTER H. FOSTER, & a. v. ELIZABETH TAYLOR FOSTER.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Eliot U. Wyman*
(of Massachusetts), (*Mr. Louis E. Wyman* orally), for the plaintiff.

BRANCH, J.   The statute under which this proceeding is brought
reads as follows: "The age of consent shall be in the male, twenty
years and in the female, eighteen years.   Any marriage contracted
by a person below the age of consent, except as hereinafter provided,
may in the discretion of the superior court be annulled at the suit
of the party who at the time of contracting such marriage was below

the age of consent, or at the suit of his or her parent or guardian, unless such party after arriving at such age shall have confirmed the marriage."

We accept as sound the rule that "The law governing the right to a decree of nullity is the law which determined the validity of the marriage with respect to the matter on account of which the marriage is alleged to be null." Am. Law Inst., Restatement, Conflict of Laws, §136. This rule does not necessarily involve as a corollary, however, the conclusion that the courts of the state where the marriage was contracted always have jurisdiction to annul it. In the absence of a statute defining the requirements of jurisdiction, it depends upon common-law principles which are recognized and adopted in equity. *Turner* v. *Turner*, 85 N. H. 249. The statute here involved does not purport to state the conditions necessary to jurisdiction. The provisions of the analogous divorce statute, P. L., c. 287, ss. 3-5, have no necessary application and are not deemed to be controlling. The defendant was at the time of the marriage, and has ever since remained a resident of this state. The courts of this jurisdiction have at all times had power to control her marital status. The plaintiff has now submitted himself to their control. All the requisites of jurisdiction which received recognition in *Turner* v. *Turner* appear to be present.

It is therefore unnecessary for us to decide whether the broad language of the statute with reference to the power of the Superior Court to annul marriages voidable for nonage, should be construed as abrogating those requirements in such cases.

In accordance with the findings of the trial court, there should be a

*Decree for the plaintiff.*

All concurred.