### DONALD FRASER ROOP

*v.*

### VIRGINIA FRANCES RAYMOND ROOP.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Eliot U. Wyman* orally), for the plaintiff.

PAGE, J. "In the absence of a statute defining the requirements of jurisdiction, it depends upon common-law principles which are recognized and adopted in equity. *Turner* v. *Turner*, 85 N. H. 249. The statute here involved does not purport to state the conditions necessary to jurisdiction . . . The defendant was at the time of the marriage, and has ever since remained a resident of this state. The courts of this jurisdiction have at all times had power to control

her marital status. The plaintiff has now submitted himself to their control. All the requisites of jurisdiction which received recognition in *Turner* v. *Turner* appear to be present." *Foster* v. *Foster*, 89 N. H. 376.

Neither party to the present proceeding is, or ever has been, a resident. While there was jurisdiction to control their entrance into the marriage status here, it cannot be said that the courts of this state had at all times "power to control . . . [the] marital status" of either since the contract was made here. In *Foster* v. *Foster* it was unnecessary "to decide whether the broad language of the statute [P. L., c. 286, s. 5] with reference to the power of the Superior Court to annul marriages voidable for nonage, should be construed as abrogating" the requirements of jurisdiction which depend upon common-law principles recognized in *Turner* v. *Turner*, *supra*. Decision of that point is now required. There is no evidence that the legislature intended to confer upon the Superior Court any jurisdiction over the marriage status where both parties to a contract here have always been resident of a foreign state. Upon principles of comity, our courts should not assume jurisdiction to annul merely because the marriage was contracted here. Jurisdiction should not be exercised unless at least one party resides here.

*Petition dismissed.*

All concurred.