[Civ. No. 3887. Fourth Dist. May 13, 1949.]

JANE GRASSELLI BUZZI, Appellant, v. CESARE
PIETRO BUZZI, Respondent.

Bauder, Gilbert, Thompson, Kelly & Veatch and Forgy, Reinhaus & Forgy for Appellant.

Harvey, Rimel & Johnston for Respondent.

BARNARD, P. J.— This is an action for annulment of marriage on the ground of fraud. The complaint was filed

on July 23, 1940. Among other things, it alleged that the parties were married on May 9, 1934, in Rome, Italy; that both parties then resided in Cleveland, Ohio; that immediately following the marriage both parties returned to Cleveland, where they made their home; that the plaintiff's consent to the marriage was induced by certain specified false and fraudulent representations made to her by the defendant; and that the plaintiff came to California in January, 1940, with the consent of the defendant, and has resided here since that time.

An order for publication of summons was obtained and summons was duly published, a copy of the summons and complaint being mailed to the defendant at an address in Rome, Italy. The defendant, through counsel, specially appeared and moved to quash summons and the service thereof on the ground that the court had acquired no jurisdiction in the premises or over the person of the defendant, and that jurisdiction to proceed in the action could not be obtained through constructive service on the defendant. A long brief was filed in support of the motion, contending that an action for annulment is one in personam and not one in rem and that, in such an action, jurisdiction over a nonresident cannot be acquired through publication of summons. At the hearing this motion was denied, whereupon the defendant moved for a 10-day stay of proceedings to permit him to answer or to take other proceedings in the premises, which motion was granted. The defendant having failed to make a further appearance the case came on regularly for trial. The court made findings in favor of the plaintiff finding, among other things, that the defendant was duly served with process, and as a conclusion of law that the court had jurisdiction. A judgment of annulment was entered on February 28, 1941. No appeal was taken from that judgment.

More than seven years later, on May 21, 1948, the defendant filed notice of a motion to vacate the judgment of annulment, and for an order permitting him to file a proposed answer, to defend the action on its merits, and to file a cross-complaint or other pleading. Affidavits and briefs were filed. The matter was heard on July 21, 1948, and on November 1, 1948, an order was entered vacating the judgment of annulment and permitting the defendant to file his proposed answer. In a letter to counsel the trial judge stated that he had concluded that actions for the purpose of procuring annulments of marriage are personal in their nature, that the court did not acquire jurisdiction over the defendant, and that the judg-

ment of annulment was void. The plaintiff has appealed from the order vacating the judgment.

The main question presented is whether the court acquired jurisdiction to enter the judgment for annulment in 1941, through service by publication. No claim is made that the proceedings for publication of summons were not regularly taken. The question raised is solely as to whether jurisdiction can be acquired in an annulment action through such constructive or substituted service. This question was considered and discussed by this court in a recent case (*Bing Gee* v. *Chan Lai Yung Gee,* 89 Cal.App.2d 877 [202 P.2d 360]). After further study, we adhere to the conclusion there reached.

The respondent here concedes, in effect in his brief and directly in his oral argument, that an annulment action should be considered as being one in rem, for the purposes of the question before us, if such an action can rightfully be said to involve the status of the parties. It is argued, however, that such an action is one purely in personam and that "the very purpose of such an action is to have the court declare that no valid res or status ever existed or came into being, or at least to determine whether it did or not." It is further argued that section 86 of the Civil Code indicates that a judgment of annulment of marriage is one in personam and not one in rem since it makes such a judgment conclusive only as against the parties and those claiming under them, whereas such a judgment, if it was in rem and affected status, would be binding on the whole world under the provisions of section 1908 of the Code of Civil Procedure.

Section 82 of the Civil Code provides that a marriage may be annulled for any one of six causes, if existing at the time of the marriage. In four of the six causes named, including the one for fraud, the right to an annulment is lost by free cohabitation under designated circumstances. In such a case the very purpose of the action is to end an existing status which would otherwise continue, rather than to declare that no such status ever existed. Despite the legal fiction that a judgment in such a case relates back to the inception of the marriage, for some purposes, such a judgment involves and vitally affects the status of the parties from a logical, legal and practical standpoint. Otherwise, the parties would be free to marry again without taking the trouble to secure such a judgment. Whether or not section 86 of this code limits

some of the effect which would otherwise follow from subdivision 1 of section 1908 of the Code of Civil Procedure, it in no way changes the fact that such a judgment involves and affects the status of the parties. The very fact that this section makes the judgment conclusive only as to the parties and those claiming under them strongly implies a continuing recognition of that status for some purposes, rather than the absence of any effect upon the status of the parties.

In *Delanoy* v. *Delanoy*, 216 Cal. 27 [13 P.2d 719, 86 A.L.R. 1321], it is said: "It is universally conceded that a divorce proceeding, in so far as it affects the status of the parties, is an action *in rem*." That an annulment action also involves the marriage status of the parties has been frequently recognized in this state. (*Linebaugh* v. *Linebaugh*, 137 Cal. 26 [69 P. 616]; *Estate of Eichhoff*, 101 Cal. 600 [36 P. 11]; *Marshall* v. *Marshall*, 212 Cal. 736 [300 P. 816, 75 A.L.R. 661]; *McDonald* v. *McDonald*, 6 Cal.2d 457 [58 P.2d 163, 104 A.L.R. 1290].)

As an actual and practical matter of fact an annulment action involves and affects the status of the parties, as does a divorce action, and in the absence of direct statutory provision in either case the same rule should be applied with respect to constructive service. No good reason appears for resorting to hair-splitting technicalities in deciding this question, or for throwing doubt on marital and property rights by upsetting the practice which has long been followed by many, if not most, of the trial courts in this state. The fact that this question has not been finally decided here leaves the door open for, and emphasizes the necessity of, a construction of our statutes which is in keeping with their purpose and intent.

Under the views above expressed, it is unnecessary to consider the further point raised by the appellant that the respondent may not now attack the jurisdiction of the court to enter the judgment, having previously done so upon the same ground, with a resulting order which would have been reviewable on an appeal from the judgment.

The order appealed from is reversed.

Griffin, J., and Mussell, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 7, 1949.