OSWALD MAZZEI *v.* ALBA CANTALES

BALDWIN, O'SULLIVAN, WYNNE, DALY and MOLLOY, Js.

Argued January 4—decided March 2, 1955

*Rocco R. P. Perna,* for the appellant (plaintiff).

*William L. Beers,* with whom was *John P. Knox,* for the appellee (defendant).

BALDWIN, J. The plaintiff brought this action in the Superior Court to annul his marriage to the defendant. She appeared specially and filed a plea to the jurisdiction, alleging that both she and the plaintiff were nonresidents and that she had not been personally served in this state with process in this action. The trial court sustained her plea and dismissed the action. The plaintiff has appealed.

The facts are as follows: The plaintiff married Rose Mazzei in New York in June, 1923. He divorced her in Florida in November, 1953. In January, 1954, he married the defendant in Greenwich, Connecticut. Thereafter, his first wife, Rose Mazzei, secured a judgment in Florida setting aside the decree of divorce on the ground of fraud. None of the parties, at any of the times herein mentioned, resided in or were domiciled in Connecticut. The plaintiff claims that, his marriage to the defendant having been performed in Connecticut and service of process on the defendant in New York having been made pursuant to an order of notice, the

Superior Court has jurisdiction to render a decree of annulment.

Jurisdiction is the power in a court to hear and determine the cause of action presented to it. *Samson* v. *Bergin,* 138 Conn. 306, 309, 84 A.2d 273; *Bailey* v. *Mars,* 138 Conn. 593, 601, 87 A.2d 388; *Reynolds* v. *Stockton,* 140 U.S. 254, 268, 11 S. Ct. 773, 35 L. Ed. 464; 14 Am. Jur. 363, § 160. It must exist in three particulars: the subject matter of the cause, the parties, and the process. *Sears* v. *Terry,* 26 Conn. 273, 280; *Case* v. *Bush,* 93 Conn. 550, 553, 106 A. 822; *New Haven Sand Blast Co.* v. *Dreisbach,* 104 Conn. 322, 329, 133 A. 99; *Artman* v. *Artman,* 111 Conn. 124, 127, 149 A. 246.

The question of jurisdiction of the subject matter in actions for annulment of marriage has provoked much divergence of opinion among courts and legal commentators. There is some authority to the effect that only the courts of the state where the marriage was performed have the power to annul it. See 2 Schouler, Marriage, Divorce, Separation & Domestic Relations (6th Ed.) §§ 1154, 1155. The rule generally accepted is that the courts of the state where one or both of the parties are domiciled has that power. 3 Nelson, Divorce & Annulment (2d Ed.) p. 284; Keezer, Marriage & Divorce (3d Ed.) p. 290, § 229; see 32 Harv. L. Rev. 806; 26 Mich. L. Rev. 211; 35 Am. Jur. 222, § 61. General Statutes, § 7341, empowers our Superior Court to annul any marriage for any cause which makes it void or voidable under the laws of this state or of the state in which it was performed.[1] See *Davis* v. *Davis,* 119 Conn.

---

[1] "Sec. 7341. VOID MARRIAGES; ANNULMENT. ORDERS RELATIVE TO CHILDREN AND ALIMONY. Whenever from any cause any marriage shall be void or voidable under the laws of this state or of the state in which such marriage was performed, the superior court may, upon

194, 197, 175 A. 574. The Superior Court had jurisdiction of the subject matter of this action. The decisive question is whether it had jurisdiction of the defendant.

The plaintiff claims that annulment is like divorce in that it deals with a status. He argues that the marriage ceremony was performed in Connecticut and created a status over which the Superior Court has jurisdiction irrespective of the domicil of the parties and that, consequently, the court can proceed, as in an action for divorce, to acquire jurisdiction over a nonresident defendant by constructive service. An action for divorce in this state is a creature of statute. *Dunham* v. *Dunham,* 97 Conn. 440, 443, 117 A. 504; *LaBella* v. *LaBella,* 134 Conn. 312, 316, 57 A.2d 627. The legislature, in chapter 367 of the General Statutes, entitled "Divorce," has prescribed definite requirements concerning the residence and domicil of the parties and has made provision for constructive notice upon a nonresident or absent defendant. Cum. Sup. 1953, § 2256c; Rev. 1949, § 7330. True, § 7341, dealing with annulment, is included in the same chapter. But the statutory provisions concerning residence and domicil and service by order of notice pertain, by their terms, only to actions for divorce. The legislature has manifested no intention that they shall apply to actions for annulment. See *Avakian* v. *Avakian,* 69 N.J. Eq. 89, 99, 60 A. 521, aff'd, 69 N.J. Eq. 834, 66 A. 1133; *Titus* v. *Titus,* 115 W. Va. 229, 231, 174 S.E. 874. There is nothing in chapter 367 which furnishes support for the plaintiff's claim.

---

complaint, pass a decree declaring such marriage void, and may thereupon make such order in relation to any child of such marriage and concerning alimony as it might make in a proceeding for a divorce between such parties if married."

Marriage does create a status. *Allen* v. *Allen,* 73 Conn. 54, 55, 46 A. 242. It is this status, coupled with the residential and domiciliary qualifications prescribed by law, which furnishes the basis for jurisdiction in an action of divorce against a nonresident defendant. But does this status have any legal significance in an action seeking an annulment when neither of the parties is domiciled in the state? The plaintiff claims that it does. He argues that it is a res which provides the basis for an action in rem and enables the plaintiff to start his suit for annulment in the Superior Court which, in turn, can secure jurisdiction over the defendant by constructive service. General Statutes, § 7785, provides for the giving of notice of the pendency of a cause of action in our courts "when the adverse party, or any persons so interested . . . that they ought to be made parties . . . shall reside out of the state . . .; and such notice . . . shall be deemed sufficient service and notice" to allow the court to proceed.[2] This statute is applicable to actions in rem. *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 511, 95 A.2d 260. Service of process by order of notice pursuant to statutes of similar import in California (Cal. Civ. Code §§ 379,

[2] "Sec. 7785. SERVICE OF PROCESS. ORDERS OF NOTICE. The several courts, other than courts of probate, and the judges, clerks and assistant clerks thereof, or any county commissioner, in term time or in vacation, may, except where it is otherwise specially provided by law, make such order as may be deemed reasonable, in regard to the notice which shall be given of the institution or pendency of all complaints, writs of error and appeals from probate, which may be brought to or pending in any court, when the adverse party, or any persons so interested therein that they ought to be made parties thereto, shall reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding; and such notice, having been given and proved, shall be deemed sufficient service and notice; and the court may proceed to a hearing at the first term or session, unless otherwise provided by law, or may order further notice as it may deem reasonable."

412 [1953]) has been held adequate in the California courts to confer jurisdiction over a nonresident defendant in an annulment action. The plaintiff cites *Bing Gee* v. *Chan Lai Yung Gee,* 89 Cal. App. 2d 877, 883, 202 P.2d 360, *Buzzi* v. *Buzzi,* 91 Cal. App. 2d 823, 825, 205 P.2d 1125, and *Becker* v. *Becker,* 58 App. Div. 374, 377, 69 N.Y.S. 75, as authority for the adequacy of service upon the defendant in the case at bar. The California decisions reasoned that an action for annulment is analogous to an action for divorce because both concern the marital status. Consequently, if service by order of notice upon a nonresident defendant conferred jurisdiction in an action for divorce, it did likewise in an action for annulment. These two cases can be distinguished from the case at bar because the plaintiffs resided in California. As to the value of the *Becker* case, supra, as authority, it is sufficient to say that its holding has been subsequently questioned in the courts of New York. *Berlinsky* v. *Berlinsky,* 204 App. Div. 480, 483, 198 N.Y.S. 402.

Divorce and annulment differ fundamentally. The former is based upon a valid marriage and a cause for terminating it which arises subsequently. *Davis* v. *Davis,* 119 Conn. 194, 196, 175 A. 574. The latter proceeds upon the theory that the marriage is void ab initio. *Schibi* v. *Schibi,* 136 Conn. 196, 200, 69 A.2d 831. A bigamous marriage is prohibited by law. General Statutes § 8546. It is void. A judgment of annulment contributes nothing to its invalidity but a record that it is invalid. See *Davis* v. *Davis,* supra, 200. When the plaintiff began this action of annulment, the courts of Florida had already set aside the decree granting him a divorce from Rose Mazzei. The plaintiff had a lawful wife. His marriage to the defendant was void. There was

no status, or res, upon which the court could act. It is assuming a false premise to argue in this case that the jurisdiction of the court can be predicated upon the existence of a status, or res, which the plaintiff expressly concedes does not exist. See *Owen* v. *Owen,* 127 Colo. 359, 365, 257 P.2d 581; *Payne* v. *Payne,* 121 Colo. 212, 214, 214 P.2d 495; note, 128 A.L.R. 61, 63. Where both parties to an action for annulment of a void marriage are non-residents and the defendant is not served with process within this state or does not appear and submit to the jurisdiction of the Superior Court, the fact that the marriage was performed within this state does not empower the court to obtain jurisdiction over the defendant by constructive service and to render a judgment annulling the marriage. *Roop* v. *Roop,* 91 N.H. 47, 48, 13 A.2d 474; *Turner* v. *Turner,* 85 N.H. 249, 250, 157 A. 532; 3 Nelson, Divorce & Annulment (2d Ed.) pp. 284, 341; see *Titus* v. *Titus,* 115 W. Va. 229, 231, 174 S.E. 874. The trial court was correct in dismissing this complaint for want of jurisdiction.

There is no error.

In this opinion the other judges concurred.