HOWARD R. CRAIG, JR. *v.* MARGUERITE CRAIG

SUPERIOR COURT          LITCHFIELD COUNTY          FILE NO. 15621

Memorandum filed July 8, 1959

*Ferriss & Anderson,* of New Milford, for the plaintiff.

No appearance filed for the defendant.

ALCORN, J. The plaintiff seeks a divorce on the ground of desertion. The defendant, resident in New York City, was served by registered mail and

has not appeared. The plaintiff invokes the jurisdiction of this court upon the allegation that he is a resident of Sharon, Connecticut, and that he was domiciled in this state at the time of the marriage and before instituting the complaint returned to this state with the intention of permanently remaining. Rev. 1958, § 46-15.

Marriage creates a status. "It is this status, coupled with the residential and domiciliary qualifications prescribed by law, which furnishes the basis for jurisdiction in an action of divorce against a nonresident defendant." *Mazzei* v. *Cantales,* 142 Conn. 173, 177. It is plaintiff's burden to show, first, that he was domiciled here at the time of the marriage and, second, that he has returned here with the intention of permanently remaining before the bringing of this action.

The requisites of domicil are actual residence coupled with the intention of permanently remaining. *Mills* v. *Mills,* 119 Conn. 612, 617. The intention must be to make a home at the moment, and not to make a home in the future. *Rice* v. *Rice,* 134 Conn. 440, 447. The intention is a fact which must be found by the court. *Foss* v. *Foss,* 105 Conn. 502, 506, 508.

The fact of residence coupled with the intention to make it one's ordinary dwelling place, his home, makes it the place of one's domicil. *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 178. Every person has a domicil somewhere, and a domicil once acquired continues until another is established. Id., 179; *Morgan* v. *Morgan,* 103 Conn. 189, 196; *Rice* v. *Rice,* supra, 446. It is fundamental that the domicil of origin is the domicil assigned to every child at birth. Restatement, Conflict of Laws § 14; see also *Oxford* v. *Bethany,* 19 Conn. 229; *Roxbury* v. *Bridgewater,* 85 Conn. 196, 202; *Plainville* v. *Mil-*

*ford,* 119 Conn. 380, 383; *Washington* v. *Warren,* 123 Conn. 268, 270. The intention required for the acquisition of a domicil of choice on the minor's reaching majority would be the intention to make a home in fact and not merely the intention to acquire a domicil. Restatement, Conflict of Laws § 19. And this intention must be to make a home at the moment. Id., § 20.

Examining the facts established in the light of the foregoing principles, it appears that the plaintiff was born in New York City on June 15, 1927, of parents who then and ever since have resided there. The plaintiff was educated in New York City schools. In 1928 his parents purchased a house in Sharon, Connecticut, but no claim is made that their domicil is there. The plaintiff spent vacations there until the age of seventeen. At that age, having enrolled at Harvard University, he enlisted in the navy. He served in the navy until 1947, when he was discharged and reentered Harvard. He became twenty-one years old on June 15, 1948. During vacations at Harvard he spent time in Sharon, kept some personal belongings there, and was there on his twenty-first birthday and in the summer of 1949. At the latter time, he was required to register with selective service and did so in Sharon, giving that place as his residence. In the winter of 1950, he lived two and one-half months with his parents in New York City while tutoring to make up credits for his Harvard degree, which was granted in June, 1950. He completed his formal studies at Harvard in January, 1950, tutored in New York thereafter, and in May, 1950, went to Utah, where he had obtained employment. His Harvard degree was granted in absentia. While tutoring in New York, he had met the defendant, and after going to Utah he corresponded with her and, in the winter of 1950-1951, proposed to her by mail. They planned

that plaintiff should come east, that they be married in New York and that both would then return to the west, where plaintiff was working. Accordingly, he came east by train to his parents' home in New York, stayed there about two and one-half days, and in that interval the parties were married in New York City on June 28, 1951. They then left immediately for Utah. The plaintiff is a geologist and, since his marriage, has lived and worked in Utah, Nevada, New Mexico and Peru. The defendant left him in Utah in August, 1951, and returned to New York. He obtained a house for their occupancy in Utah and came east by automobile to take the defendant back there, but she refused to go. On taking employment in New Mexico, he also obtained a house there, but the defendant refused to go there. The plaintiff in 1952 entered the air force and was thereafter stationed in Texas and Korea until his discharge on April 24, 1956. On entering and leaving this service, he gave his home address as Sharon, Connecticut, and on his discharge gave his future mailing address as his parents' home in New York City. He spent a leave in 1953 in Sharon. On his discharge in 1956, he went to New York and looked for work. He obtained a position in Peru and went there in 1956 for about two and one-half years. He returned to the United States December 31, 1958, and went directly to Middletown, Connecticut, where he is now living and is a graduate student at Wesleyan University, giving occasional lectures and hoping for eventual employment there as an instructor in the geology department.

He owns no real estate in Connecticut, never has voted anywhere, has paid no income tax through any internal revenue office in this state, has never had a bank account in this state, has never paid any taxes in Sharon, and owns only personal effects and an automobile which is registered in Connecticut.

On these facts, the court concludes that the plaintiff has not fulfilled the jurisdictional requirement of the statute relied upon. Whatever his intention as to the future may be, or may have been at any time up to now, he was not domiciled in Sharon at the date of his marriage. Until reaching his majority in 1948, his domicil was that of his parents in New York. Thereafter, he merely continued the custom established during his minority of using his parents' house in Sharon for vacation visits. On the date of his marriage in 1951 he was, and had been for over a year, actually residing in Utah. His expressed determination was to reside, after the marriage, outside the state. For some seven and one-half years thereafter he did reside out of the state.

Enter judgment dismissing the complaint for lack of jurisdiction.