Sydney A. Fine, J.
This is a motion by defendant Elsie Mathews Anderson, appearing specially, to set aside the service of the summons and complaint upon her or, in the alternative, to strike out the second cause of action, the prayer for judgment on the second cause of action, and the prayer for judgment for the costs and disbursements of the action.
In the first cause of action, plaintiff seeks a divorce from defendant Wiener. In the second cause, she seeks an annulment of the latter’s marriage to the moving defendant while he remained married to plaintiff.
Neither of the defendants was served with process in this State. The only service upon them was made in the State of New Jersey. The moving defendant has been a resident of New Jersey since her birth, except for the period from 1920 to 1923, and she still resides there. Defendant Wiener moved to New Jersey in 1951 and has lived there ever since. Plaintiff’s statement that he voted in New York and paid his taxes jointly with her in New York City apparently refers to the period between 1940 and 1951, for she states that when he left her in 1951 she lost track of him and that she discovered his whereabouts only recently. The same observation is applicable to the statements regarding Wiener’s automobile and operator’s licenses. Wiener states that he pays Federal income taxes as a resident of New Jersey, where he is employed, and that since moving there in 1951 he has always intended to make that State his permanent home. The fact that he has been residing in New Jersey under another name does not have the effect of making him a resident of New York, where he no longer resides.
It is thus clear that both defendants are nonresidents who have not been served with process in this State. The moving defendant, who is an indispensable party to the cause of action to annul her marriage to Wiener (Presbrey v. Presbrey, 6 AD 2d 477, 480-481), contends that the recent case of Gray-Lewis v. Gray-Lewis (5 A D 238) requires the granting of her motion to the extent of striking out the second cause of action against her and the prayer for an annulment of her marriage to Wiener. The cited case is on all fours with the instant one except for the fact that in that case the marriage sought to be annulled had taken place outside the State of New York, whereas in the instant case the defendant’s marriage took place in this State, in January, 1956. Statements in the opinion of Mr. Justice *472 Stevens that the marriage sought to be annulled had not been consummated here and that the marriage status of the defendants was never within the judicial power of this State indicate that the question of whether a different result would be required, in a case where the defendants’ marriage had taken place in this State, was left open.
The question to be decided upon the present application is whether the courts of this State may annul the marriage of nonresident defendants, not served with process in this State, merely because said marriage took place within the State. Plaintiff cites Becker v. Becker (58 App. Div. 374) and DavidZieseniss v. Zieseniss (205 Misc. 836) for the proposition that marriage within the State is sufficient to give the courts of this State jurisdiction to annul the marriage regardless of the domicile of the parties to the marriage. The Becker case (supra) was decided long before the recent decisions of the United States Supreme Court in which domicile is declared to be the constitutional basis of jurisdiction in matrimonial actions. In Williams v. North Carolina (325 U. S. 226, 229) for example, the court said: “ Under our system of law, judicial power to grant a divorce — jurisdiction, strictly speaking — is founded on domicil.” In Williams v. North Carolina (317 U. S. 287, 297), Mr. Justice Douglas, writing for the court, said: “ Domicil of the plaintiff [one of the parties to the marriage], immaterial to jurisdiction in a personal action, is recognized in the Haddock case and elsewhere (Beale, Conflict of Laws, § 110.1) as essential in order to give the court jurisdiction which will entitle the divorce decree to extraterritorial effect, at least when the defendant has neither been personally served nor entered an appearance.” In the David-Zieseniss case (supra) the court held that the provision of the Civil Practice Act, permittinqg an action for divorce to be maintained in our courts if the parties were married within this State (§ 1147, subd. 2), is constitutional even if the parties are not domiciled in this State. That decision, however, appears to be contrary to the domicile test of the latest decisions of the United States Supreme Court. As pointed out in New York University Law Review (Vol. 31, p. 372), it provoked a storm of controversy in law reviews during the year 1955 (see, e.g., 68 Harv. L. Rev. 543 where the desirability of a decree which would be entitled to recognition in other States is emphasized; 54 Col. L. Rev. 1165). The rule is stated in section 111 of the Restatement of Conflict of Laws, that ‘ ‘ A state cannot exercise through its courts jurisdiction to dissolve a marriage when neither spouse is domiciled within the state.”
*473 It is also to be noted that the opinion in the Gray-Lewis case (5 AD 2d 238, 241, supra) contains language indicating that section 1165-a of the Civil Practice Act, which specifies the “ Conditions attached to maintenance of action for annulment or separation ”, applies only “ where the marital res is that of the plaintiff and his or her spouse ’ Furthermore, the con-curing opinion of Mr. Justice Valente took the view that an action to annul a marriage between defendants is in personam in nature. The majority opinion is not necessarily inconsistent with this Anew. The other Justices may have thought it unnecessary to consider this question in view of the conclusion reached on other grounds.
The court accordingly holds that the motion to strike out the second cause of action and the prayer for an annulment must be granted.
The prayer for judgment for costs and disbursements, being clearly in personam in nature, must also be stricken from the complaint.
The motion is granted to the extent indicated.