[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action in two counts. The first count claims the marriage between the parties is voidable and seeks an annulment. The second count alleges irretrievable breakdown and seeks a dissolution.
The Court makes factual findings and enters orders as follows:
The parties intermarried at Ellington, Connecticut on December 24, 1994. The plaintiff has lived in the state of Connecticut continuously for more than one year next preceding the date of the complaint. There are no minor children issue of the marriage and neither party receives assistance from any state agency.
Annulment
Connecticut General Statutes § 46b-40 (b) provides for an annulment of marriage if the marriage is void or voidable under the laws of this state. An annulment is premised on the theory that the marriage is void ab initio, Mazzei v. Cantales, 142 Conn. 173. The plaintiff claims that this marriage is voidable because the defendant fraudulently led her to believe he earned $22,000 per year when he only earned $16,000; that he had no outstanding bills when he did; that he failed to pay her for the cost of being added to her medical plan as he promised and that the marriage was not consummated.
There was insufficient evidence to prove the defendant fraudulently made any of the representations alleged, and he disputes that the marriage was not consummated.
While this marriage was of very short duration — the parties having separated after only three weeks — the Court does not find CT Page 12573 it was entered into fraudulently or that it is otherwise voidable ab initio.
Irretrievable Breakdown
The marriage has broken down irretrievable, and it is ordered dissolved on the grounds of irretrievable breakdown.
Both parties are employed and under the circumstances of this case alimony is not awarded to either party.
Any personal property with more than nominal value has been turned over to the defendant. No order for distribution of personal property is entered.
Each party shall be responsible for his or her debts as shown on their respective financial affidavits.
The defendant shall pay the plaintiff the sum of $500 by way of property settlement within thirty days. (this sum reflects out of pocket expenses incurred by the plaintiff for damages to her residence and possessions caused by the defendant). The plaintiff has been compensated by her insurance carrier for such damages beyond $500.
Each party shall be responsible for his or her own attorney's fees.
The defendant's earning capacity and assets are substantially less than the plaintiff's and he lacks the ability to pay the plaintiff's attorney's fees.
The plaintiff's prior name, Jacqueline Martin, is ordered restored to her.
 Relief from Abuse
(Docket No. 57252 — Tolland J.D.)
The Court, sua sponte, consolidates docket no. FA 57252 (Jacqueline Hardy vs. Milton B. Hardy). In No. FA 57252, the plaintiff Jacqueline Hardy had obtained a restraining order against the defendant. That order remains in effect after having been extended.
That order, which prohibits the defendant from imposing any CT Page 12574 restraint upon Jacqueline Hardy, her granddaughter Christine M. Hippler, or her mother Noella Ricard, and further prohibits him from threatening, harassing, assaulting, molesting, sexually assaulting, stalking or attacking any of them; from entering the property where any of them reside; from entering any school or day care facility which Christine Hippler attends, or from initiating any contact with any of them either directly or indirectly, by telephone, written communication personally or through a third party (except that the defendant's attorney may contact the plaintiff's attorney) and further prohibiting the defendant from mailing or sending any communication to any third person regarding his relationship with the plaintiff (except to his attorney), is hereby continued for a period of six (6) months from the date of this judgment, unless otherwise extended by the Court upon request of the plaintiff. (Connecticut General Statutes § 46b-15).
Klaczak, J.