[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In her complaint the plaintiff seeks an annulment of her marriage to the defendant and a restoration of her birth name. The defendant appeared through counsel.
At the hearing the court heard testimony from the plaintiff, and the parties submitted a "Marriage Annulment Agreement." The defendant did not appear at the hearing.
The court finds the following facts. The parties were married in Las Vegas, Nevada, on February 14, 1997. Subsequent to the marriage, the parties returned to Connecticut and lived together for a period of two weeks. The plaintiff has resided continuously in this state for more than twelve months. While the stipulation between the parties sets forth that the "never intended to live as husband and wife"; "never lived as husband and wife," and "believe and agree that a marriage never existed between them," the court finds that at the time of the marriage the parties CT Page 7807 intended to be married.
Under General Statutes § 46b-70, an annulment is entered if the marriage is void or voidable under the laws of this state. The sole allegation underlying the request for an annulment is that the defendant did not intend to live with the plaintiff as husband and wife. The facts as testified to by the plaintiff simply do not support this allegation. The court will not find this marriage void ab initio. Mazzei v. Cantales, 142 Conn. 173
(1955); Schibi v. Schibi, 136 Conn. 196 (1949). It will allow the plaintiff to amend her complaint to add a count for dissolution of marriage since the court would find irretrievable breakdown.
So ordered.
DiPentima, J.